**FILED**
**NOVEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6672**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT <br> OPPORTUNITY COMMISSION <br><br> Applicant, <br><br> v. <br><br> DOLGENCORP, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) |

**JUDGE MAROVICH**
**MAGISTRATE JUDGE SCHENKIER**

### APPLICATION FOR AN ORDER TO SHOW CAUSE
### WHY SUBPOENAS SHOULD NOT BE ENFORCED

The United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") files this Application for an order to show cause why the administrative subpoena, issued by the EEOC on June 25, 2007, should not be enforced against Dollar General Corp. ("Respondent"). In support of its Application, the EEOC states as follows:

1. This is an action for enforcement of a subpoena pursuant to Sections 706, 709, and 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, 2000e-8, and 2000e-9.

2. Jurisdiction is conferred upon the court by § 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), and by section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in § 710 of Title VII, 42 U.S.C. § 2000e-9.

3. Applicant, the EEOC, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges of unlawful employment practices, and is authorized to bring this action pursuant to § 710 of Title VII, 42 U.S.C. § 2000e-9.

4. Respondent is a general store doing business in the State of Illinois with a facility in Waukegan, Illinois, and has at all relevant times been an employer within the meaning of

Section 701 (b) of Title VII, 42 U.S.C. §2000e(b).

5. On October 29, 2004, Regina Fields-Herring ("Charging Party") filed a Charge of Discrimination against Respondent, Charge No. 210-2005-00403 (the "Charge"), alleging that Respondent unlawfully discriminated against her on the basis of race, Black. On November 1, 2004, the EEOC served Respondent with notice of the Charge.

6. On March 23, 2007, EEOC mailed a Request for Information to Respondent, seeking information about the number of employees who had been given contingent offers of employment. Respondent did not provide the information sought in the RFI.

7. On April 24, 2007, EEOC served Respondent with Subpoena Number CH-07-337 ("Subpoena") specifically requesting that Respondent identify, by state, the number of employees hired by race and position title, between January 1, 2004 and April 1, 2007, and then specify the number not hired or discharged, as the result of a criminal background check. The Subpoena directed Respondent to produce the information by May 4, 2007.

8. Respondent served the Commission with a Petition to Revoke Subpoena ("Petition") on May 3, 2007.

9. On or about June 25, 2007, EEOC served an Amended Subpoena CH-07-227 (Amended) on Respondent. The Amended Subpoena requested the number of employees given contingent offers of employment by two entities: Dolgencorp, Inc. and DG Retail LLC, during the relevant time period, the breakdown of that number by race and job title, and the number of those employees who had their contingent job offers revoked due to criminal background checks, broken down by race and job title. This information was due to be produced to EEOC by July 6, 2007.

10. Respondent served a Petition to Revoke Subpoena, dated July 2, 3007, which claimed that complying with the Amended Subpoena would involve collecting information from thirty states.

11. After receiving the Petition to Revoke, counsel for EEOC spoke to counsel for Respondent to get further clarification about the organization of Respondent, in an attempt to make the subpoena more narrow. Respondent explained that it is organized into seven divisions consisting of 60,000-70,000 employees. Each division is organized into five to eight regions, consisting of 10,000-15,000 employees. Each region is further divided into districts. EEOC suggested that Respondent inform EEOC which district and region included the store where charging party worked so that it could further narrow the subpoena. Respondent refused to provide this information.

12. On or about October 1, 2007, the EEOC served Respondent with a Determination denying the Petition to Revoke or Modify Subpoena ("Determination").

13. The accompanying Declaration of Sarronda Harris, EEOC Investigator (Exhibit A to the EEOC's Memorandum in Support of Application to Show Cause, filed concurrently herewith), and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application.

WHEREFORE, the EEOC respectfully requests that this Court:

A. issue an Order directing Respondent to appear before this Court on a certain date to show cause why an Order should not issue directing Respondent to comply with the Subpoena;

B. Upon return of this Order to Show Cause, issue an order directing Respondent to comply with the Subpoena;

C. Award the EEOC its costs in bringing this action; and

D.  Grant the EEOC such further relief as may be necessary and appropriate.

Dated:  November 27, 2007                    Respectfully submitted,


_____/s John Hendrickson_____
John Hendrickson
Regional Attorney


_____/s Diane Smason_____
Diane Smason
Supervisory Trial Attorney


_____/s Jeanne Szromba_____
Jeanne Szromba
Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois  60661
(312) 353-7546

4