**FILED**
**NOVEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6672**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| Applicant, ) | |
| ) | |
| v. ) Civil Action No. | |
| ) | |
| DOLGENCORP, ) | |
| Respondent. ) | |
| ) | |

**JUDGE MAROVICH**
**MAGISTRATE JUDGE SCHENKIER**

**MEMORANDUM IN SUPPORT OF**
**APPLICATION FOR ORDER TO SHOW CAUSE**

Applicant the Equal Employment Opportunity Commission (the "Commission" or "EEOC") submits this Memorandum in Support of the Commission's Application For An Order To Show Cause Why A Subpoena Should Not Be Enforced directed against Dollar General Corp. (the "Respondent"). The EEOC is currently investigating a charge of race discrimination filed against Respondent under Title VII of the Civil Rights Act of 1964 ("Title VII"). In the course of its investigation, the EEOC issued a subpoena seeking information relating to the number of employees to whom Respondent made contingent offers of employment. Respondent to date has refused to produce the requested information, and that refusal has delayed and hampered the investigation into this charge. The EEOC therefore applies to this Court to issue an Order to Show Cause Why the Subpoena Should Not be Enforced.

I.   BACKGROUND

On October 29, 2004, Regina Fields-Herring ("Fields-Herring" or "Charging Party") filed a Charge of Discrimination against Respondent, Charge No. 210-2005-00403 (the "Charge"),

alleging that Respondent unlawfully discriminated against her on the basis of her race, Black. Specifically, Fields-Herring alleged that Respondent terminated her on September 23, 2004, two days after hiring her as a Stocker/Cashier, on the basis of a background check showing a 1998 felony conviction for possession of a controlled substance. Fields-Herring had informed Respondent of this conviction at the time that she was hired. On November 1, 2004, the Commission mailed a notice of Fields-Herring's charge to Respondent, and Sarronda Harris, EEOC Investigator, began to investigate whether Title VII had been violated. Exhibit A, Declaration of Harris, Investigator, ¶3 ("Inv. Dec.") and Exhibit 1 thereto.

On March 23, 2007, EEOC mailed a Request for Information ("RFI") to Respondent seeking information about the number of employees who had been given contingent offers of employment.[1] Inv. Dec. ¶ 5. When Respondent failed to provide EEOC with the material sought in the RFI, Harris served Respondent with Subpoena Number CH-07-337("Subpoena") dated April 24, 2007. Inv. Dec. ¶ 6. The subpoena requested that Respondent identify, by state, the number of employees hired by race and position title, between January 1, 2004 and April 1, 2007, and then specify the number not hired or discharged, as the result of a criminal background check. Id. In response to the Subpoena, Respondent served EEOC with a Petition to Revoke Subpoena, dated May 3, 2007. Inv. Dec. ¶ 7.

After receiving this Petition, the undersigned counsel called counsel for Respondent in an attempt to narrow the subpoena. During this conversation, memorialized in a letter dated May 18, 2007, attached as Exhibit 2, Respondent explained that two other entities, Dolgencorp, Inc. and DG Retail LLC, were the entities that included the location where the Charging Party worked during the relevant time period, and that they covered approximately eight states,

---

[1] This is the second subpoena enforcement action filed by EEOC relating to this charge. Respondent refused to respond to an earlier subpoena, forcing EEOC to file a subpoena enforcement action on March 14, 2006. That Application for an Order to Show Cause was granted by Magistrate Judge Shenkier on April 20, 2006.

including Illinois. Respondent explained that narrowing the subpoena in this way would make it easier for Respondent to comply because it would not involve combining reports of various entities. After receiving this clarification, the Commission issued an amended subpoena, Subpoena Number CH-07-337 (AMENDED) ("Amended Subpoena"). The Amended Subpoena requested Respondent to do the following (emphasis in the original):

    1.    Provide the **number** of employees given contingent offers of employment by Dolgencorp., Inc. and DG Retail LLC, during the period of January 1, 2004 to April 1, 2007.

        a.    Break the number down by position title and, within position title, by race.

    2.    Of those employees identified above, provide the **number** of employees who had their contingent offers of employment revoked as a result of a criminal background check.

        a.    Break the number down by position title and, within position title, by race.

Inv. Dec. ¶ 8.

In response to the Amended Subpoena, Respondent served the Commission with a Petition to Revoke Subpoena, dated July 2, 2007. Inv. Dec. ¶ 9, and Exhibit 3 thereto. In its Petition to Revoke, Respondent argued for the first time that complying with the Amended Subpoena would require production of information from thirty states, not eight. After reviewing Respondent's Petition, the undersigned counsel again called counsel for Respondent to explore ways to make compliance less burdensome. During this telephone call, which occurred on or about July 31, 2007, Respondent explained for the first time that it was divided into divisions, regions, districts, and stores. Counsel for Respondent explained that Respondent is comprised of seven divisions, each of which included 60,000-70,000 employees during the relevant time period. Each division is further divided into five to eight regions, each of which included 10,000-15,000 employees during the relevant time period. Each region is further divided into

districts.  The undersigned asked counsel for Respondent to let her know which division, region, and district included the Waukegan, Illinois store in which Charging Party worked so that she could again attempt to fashion a less burdensome, narrower subpoena.

On or about August 7, 2007, supervisor for the undersigned counsel spoke to counsel for Respondent to find out whether she had been able to get the information requested.  During that conversation, counsel for Respondent made it clear that Respondent had no intention of voluntarily providing any of this information to EEOC, asking, "Why should I give you information when you want to sue us?"

On or about October 1, 2007, the EEOC served Respondent with a Determination denying the Petition to Revoke or Modify Subpoena, and ordering that the requested information be produced to EEOC within ten business days.  Inv. Dec. ¶ 10 and Exhibit 4 thereto.  To date, Respondent has failed to comply with the Determination or the Amended Subpoena or to provide any of the information requested by EEOC in an attempt to further narrow the Amended Subpoena.

II.     ARGUMENT

    A.     The Commission Is Authorized To Investigate Respondent's Compliance With Title VII And To Seek Enforcement Of Its Subpoenas

The EEOC issued Subpoena No. CH-07-337 (AMENDED) pursuant to its authority under Sections 706, 709, and 710 of Title VII, 42 U.S.C. §§ 2000e-5, 2000e-8, and 2000e-9, which authorize the Commission to investigate charges alleging violations of Title VII, to obtain relevant documents from employers charged with unlawful discrimination, and to have its subpoenas enforced by the court.  See also EEOC v. Gladieux Refinery, Inc., 631 F. Supp. 927, 930 (N.D. Ind. 1986) ("If a party refuses to obey a subpoena, the EEOC may apply for enforcement of the subpoena in the district court of the jurisdiction where the inquiry is being

held or where the refusal occurred...").

In sum, the EEOC is authorized to investigate whether Respondent has violated Title VII, to issue the Subpoena, and to move for its enforcement by this Court.

>   B.  The Showing Required To Support The Commission's Application For An Order To Show Cause Is Satisfied Here.

A subpoena enforcement proceeding is "a summary process designed to decide expeditiously whether a subpoena should be enforced." EEOC v. Roadway Express, Inc., 750 F.2d 40, 42 (6th Cir. 1984). A district court's review of an EEOC subpoena is "sharply limited." EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987).

Administrative subpoenas should be enforced judicially, provided that the investigation is within the authority of the agency, the subpoena is not too indefinite, and the information sought is reasonably relevant to the matters under investigation. Tempel Steel, 814 F.2d at 485; EEOC v. A.E. Staley Mfg. Co., 711 F.2d 780, 783 (7th Cir. 1983, cert. denied, 466 U.S. 936 (1984)). Here, the Commission's investigation of an alleged violation of Title VII is clearly within its authority, the Subpoena is quite specific, and the information sought is directly related to the matters under investigation.

Here, there is no question that the information sought is relevant to EEOC's investigation. The concept of relevancy during an EEOC investigation is much broader than it is during litigation. Section 709(a) states the EEOC's right to information in broad terms, granting EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [Title VII] and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). The Commission is uniformly afforded access to "virtually any material that might cast light on the allegations" against the employer. See EEOC v. Shell Oil Co., 466 U.S. 54, 68-69 (1984) (noting with approval the trend among courts in

enforcing administrative subpoenas if the material subpoenaed "touches a matter under investigation"); see Motorola v. McLain, 484 F.2d 1339, 1342 (7th Cir. 1973), cert. denied, 416 U.S. 936 (1974).

It is undeniable that the requested information "might cast light on the allegations" made by Charging Party.  Respondent claims that the numeric information sought by EEOC is irrelevant because EEOC has not "articulate[d] any basis to suspect that Respondent's background check has a disparate impact on any protected basis."  (Inv. Dec., ¶ 7, Exhibit 3) Respondent asserts that the Amended Subpoena requests are so broad that much of the information sought is irrelevant. Respondent also claims that the Charge does not contain any disparate impact allegations, and that a disparate treatment claim with one claimant requires less information than what is being requested. However, the information requested in the Amended Subpoena is relevant to Charging Party's disparate treatment claim because the information will help to ascertain whether Charging Party (and possibly other employees) was treated differently from other similarly situated employees. Additionally, the Commission has not yet determined whether a basis for a disparate impact claim exists and requires the information sought in the Amended Subpoena to make its determination. The Commission is not constrained in its subpoena power only to information that is directly relevant to those allegations specifically made by Charging Party. EEOC v. Caterpillar, Inc., 409 F.3d 831, 833 (7th Cir. 2005). The information requested is relevant to Charging Party's disparate treatment claim as well as a possible disparate impact claim.

C.  The Information Sought is Not Unduly Burdensome

A Commission subpoena will be enforced unless Respondent demonstrates that compliance "would threaten the normal operation of a Respondent's business." EEOC v. Bay

Shipbuilding Corp., 668 F.2d 304, 313 (7th Cir. 1981). Se*e* also, EEOC v. Quad/Graphics, Inc., 63 F.3d 642 (7th Cir. 1995); EEOC v. Maryland Cup Corp., 785 F.2d 471 (4th Cir. 1986); EEOC v. A. E. Staley Manufacturing Co., 711 F.2d 780 (7th Cir. 1983). Respondent bears the burden of demonstrating that responding to the subpoena would severely disrupt its business. Bay Shipbuilding, 668 F.2d at 313; Staley, 711 F.2d at 788. In determining whether compliance is overly burdensome, the court need not accept Respondent's estimate of time and cost to comply. Quad/Graphics, Inc., 63 F.3d at 648-49 (rejecting respondent's estimate that compliance would take over 200,000 hours, noting a number of flaws in the estimation procedure).

  Respondent asserts that the definition of the word "documents" in the Amended Subpoena is overly broad and unduly burdensome and encompasses confidential documents protected by the attorney-client privilege and/or work product doctrine. However broad the definition of "documents" may be in Exhibit A of the Amended Subpoena, that breadth is adequately limited by the specificity of the requests in Exhibit B. The information requested by EEOC consists only of the **number** of employees given contingent offers and the **number** of employees who have had their positions revoked as a result of a criminal background checks, sorted by position title and race. None of that information is covered by the attorney-client privilege or the work product doctrines. The Amended Subpoena adequately restricts the meaning of the term "documents" so that it is not on its own overly broad or unduly burdensome.

  Respondent also asserts that it will be unduly burdened if it has to gather the information requested by the Amended Subpoena. Respondent claims that the Amended Subpoena requests information about the "vast majority" of the 415,000 contingent offers of employment made from January 1, 2004 to April 1, 2007 in over 30 states. Respondent claims that it will take one employee, at a minimum, several full days to compile such information. Additionally,

Respondent claims, third parties will be unduly burdened because Respondent will have to request information from third-party vendors, who performed background checks for Respondent, in order to determine how many individuals failed to meet the hiring criteria as a result of the background check.

The extent of Respondent's burden of compliance is unclear. In correspondence between EEOC and Respondent in the period between the issuance of the original Subpoena and the Amended Subpoena, Respondent indicated that the Amended Subpoena would only request information from entities covering around eight states, including Illinois. Moreover, Respondent has refused to provide any information to help EEOC further narrow the subpoena, such as identifying the region or division in which Charging Party was employed. Nonetheless, even if Respondent's characterization of the burden is accurate, it is inadequate to excuse Respondent's obligation to comply with the Amended Subpoena. Respondent claims that it will take one employee several full days to compile the information. In EEOC v. Quad/Graphics, 63 F.3d at 648-49, Respondent submitted affidavits asserting that it would take 203,994 employee hours to comply with the EEOC's subpoena. Yet both the District Court and the Seventh Circuit found that the Respondent had not met its burden of showing that its normal business operations would be disrupted by compliance.[2] Respondent does not articulate the extent of any burden on third-party vendors, but based upon Respondent's other estimates, it can be presumed that the burden will be inadequate to excuse compliance.

III.     CONCLUSION

The Commission issued the Amended Subpoena in furtherance of an investigation which

---

[2] According to its web site (http://www.dollargeneral.com/aboutus/generalinformation.aspx), Respondent has annual sales of over nine billion dollars, employs over sixty-nine thousand people, and operates more than eight thousand stores. It is, therefore, highly improbable that having to expend, by its reckoning, one employee for several days in complying with EEOC's subpoena would disrupt its normal operations.

is clearly within the Commission's authority, the Amended Subpoena is not too indefinite, and the information sought is relevant to the matters under investigation. Respondent's reasons for non-compliance with the Amended Subpoena are not persuasive. For these reasons, and the reasons set forth above, the Commission respectfully requests:

    A.    That an Order To Show Cause be issued directing Respondent to appear before this Court and to show cause, if there be any, why an Order should not be issued directing it to comply with the Amended Subpoena;

    B.    That upon Respondent's response to the Order To Show Cause, an order be issued directing Respondent to comply with the Amended Subpoena; and

    C.    That the EEOC be awarded its costs in bringing this action; and

    D.    That the EEOC be granted such further relief as may be necessary and appropriate.

Respectfully submitted,

    /s Jeanne B. Szromba_____
Jeanne Szromba
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois  60661
(312) 353-7546