

**FILED**

**NOVEMBER 27, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**07 C 6672**

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| Applicant, | ) ) |
| v. | ) Civil Action No. |
| DOLGENCORP, | ) ) |
| Respondent. | ) ) ) |

**JUDGE MAROVICH**
**MAGISTRATE JUDGE SCHENKIER**

## DECLARATION OF SARRONDA HARRIS

I, Sarronda Harris, hereby state as follows:

1.     I have personal knowledge of the facts set forth below, and if called upon as a witness I could and would competently testify thereto.

2.     I am an Investigator with the Chicago District Office of the Equal Employment Opportunity Commission ("EEOC"), and I have held this position since August 2004.

3.     On or about November 1, 2004, I began to investigate the Charge of Discrimination filed by Fields-Herring against Respondent. Exhibit 1, attached hereto, is a true and correct copy of the Charge.

4.     The subpoena at issue here is the second subpoena I have issued during the investigation of this charge with which Respondent has refused to comply. This Court ordered compliance with the earlier subpoena on or about March 2006 after EEOC filed an Application for an Order to Show Cause.

5.     On March 23, 2007, I mailed a Request for Information ("RFI") to Respondent, seeking information about the number of employees who had been given contingent offers of

employment. Respondent did not provide the information sought in the RFI. Exhibit 2, attached

hereto, is a true and correct copy of the Request for Information.

6. On April 24, 2007, I served Respondent with Subpoena Number CH-07-337

("Subpoena") specifically requesting that Respondent identify, by state, the number of

employees hired by race and position title, between January 1, 2004 and April 1, 2007, and then

specify the number not hired or discharged, as the result of a criminal background check.[1] The

Subpoena directed Respondent to produce the information by May 4, 2007. Attachment B to

Exhibit 3, attached hereto, includes a true and correct copy of the Subpoena.

7. Respondent served the Commission with a Petition to Revoke Subpoena

("Petition") on May 3, 2007. Attachment B to Exhibit 3, attached hereto, includes a true and

correct copy of the Petition.

8. On or about June 25, 2007, I served an Amended Subpoena CH-07-337

(Amended) on Respondent. The Amended Subpoena requested Respondent to provide the

number of employees given contingent offers of employment by two entities: Dolgencorp, Inc.

and DG Retail LLC, during the relevant time period, and to break that number down by race and

job title, and then to provide the number of those employees who had their contingent job offers

revoked due to criminal background checks, broken down by race and job title. This information

was due to be produced to EEOC by July 6, 2007. Attachment A to Exhibit 3, attached hereto,

includes a true and correct copy of the Amended Subpoena.

9. Respondent served a Petition to Revoke Subpoena, dated July 2, 3007, which

claimed that complying with the Amended Subpoena would involve collecting information from

thirty states. Exhibit 3, attached hereto, is a true and correct copy of the Petition.

---

[1] The Subpoena specifically stated that, "If Respondent utilized a system where store locations are grouped other
than by state (i.e., by districts or regions), the requested information may be submitted in that format."

10.     On or about October 1, 2007, the EEOC served Respondent with a Determination denying the Petition to Revoke or Modify Subpoena ("Determination").  Exhibit 4, attached hereto, is a true and correct copy of the Determination.  To date, Respondent has failed to comply with the Determination on the Amended Subpoena.

I declare under penalty of perjury that the foregoing is true and correct.

Nov. 27, 2007
Date

Sarronda Harris

# EXHIBIT 1

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s). |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 210-2005-00493 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Ms. Regina Fields-Herring | (847) 263-9769 | 09-23-1954 |

| Street Address | City, State and ZIP Code |
|---|---|
| 914 Poplar | Waukegan, IL 60085 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DOLLAR GENERAL CORPORATION | 201 - 500 | (847) 731-7044 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2458 Sheridan Road | Zion, IL 60099 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-23-2004     Latest: 09-23-2004

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I interviewed for a position with Respondent on or about September 20, 2004. I began employment with Respondent on September 21, 2004 as a Stocker/Cashier. At the time I was hired, I informed Respondent that I had a felony conviction. On September 23, 2004, Respondent informed me that I was terminated because of the felony conviction.

I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
OCT 21 2004
CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT |
| 10-28-04          Regina Fields-Herring
Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

|  | PERSON FILING CHARGE |
|---|---|
| Human Resources Director<br>**DOLLAR GENERAL CORPORATION**<br>2466 Sheridan Road<br>Zion, IL 60099 | **Regina  Fields-Herring** |
|  | THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
|  | EEOC CHARGE NO.<br>**210-2005-00403** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act          [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act          [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by   **DEC 1, 2004**   a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to  this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                          to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by
   to
   If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Regina Husar, Enforcement Supervisor** | **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2800Chicago, IL 60661** |
|---|---|
| *EEOC Representative* | |
| Telephone:  **(312) 353-0819** | |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **Nov 01, 2004** | **John P. Rowe, District Director** | *John P. Rowe* |

**EXHIBIT 2**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
PH: (312) 353-2713
TTY: (312) 353-2421
FILE REVIEWS FAX: (312) 353-4041                ENFORCEMENT FAX: (312) 886-1168
MEDIATION: (312) 353-6676                        STATE & LOCAL FAX: (312) 353-4041
HEARINGS FAX: (312) 886-5391                       LEGAL FAX: (312) 353-8555

March 23, 2007

Jennifer Gingery Cook
Senior Employment Attorney
Dollar General Corporation
100 Mission Ridge
Goodlettsville, TN 37072-2171

                    Re: Regina Fields-Herring v. Dollar General Corporation
                        EEOC Charge No.: 210-2005-00403

Dear Ms. Cook:

The organization you represent is hereby requested to submit information and records relevant to the subject charge of discrimination. The Commission is required by law to investigate charges filed with it, and the enclosed request for information does **not** necessarily represent the entire body of evidence which we need to obtain from your organization in order that a proper determination as to merits of the charge can be made. Provide the requested information no later than April 9, 2007.

A charge may be voluntarily settled on terms that are mutually agreeable to the parties without any determination on the merits of the charge or any admission of a violation of law. Such a settlement could include a provision that the Charging Party would not bring suit against the party(ies) named in the charge. If you wish to enter into settlement discussions, please contact me within 10 days of receipt of this letter. Please be advised that settlement of this charge with the Charging Party may not necessarily end the Commission's investigation.

We direct your attention to Section 710 of Title VII of the Civil Rights Act of 1964, as amended, under which this Agency is empowered to subpoena evidence necessary to its investigations. It is our hope we will receive the requested information and that it will therefore be unnecessary for us to resort to the subpoena process. However, unless the requested information and/or records are received by April 9, 2007, we will proceed under the above statute.

If you need to obtain clarification or otherwise discuss any matter associated with this charge, please call me at telephone number (312) 886-9320.

Sincerely,

Sarronda C. Harris
Federal Investigator

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### REQUEST FOR INFORMATION

Charging Party: Regina Fields-Herring
Respondent: Dollar General Corporation
EEOC Charge No.: 210-2005-00403

1.     For each state[1] in which Respondent operated during the period January 1, 2004 to March 15, 2007, provide the number of employees hired by race and position title.

2.     For each state in which Respondent operated during the period January 1, 2004 to March 15, 2007, provide the number of employees not hired as a result of a criminal background check by race.

3.   For each state in which Respondent operated during the period January 1, 2004 to March 15, 2007, provide the number of employees discharged as a result of a criminal background check by race.

---

[1] If Respondent utilizes a system where store locations are grouped other than by state (i.e., by districts or regions), the requested information may be submitted in that format.

**EXHIBIT 3**

# DOLLAR GENERAL CORPORATION

Telephone: (615) 855-5157
Facsimile: (615) 855-5154
e-mail: jcook@dollargeneral.com

*100 Mission Ridge*
*Goodlettsville, TN 37072*

*615.855.4000*

*www.dollargeneral.com*

July 2, 2007

RECEIVED EEOC

JUL - 6 2007

CHICAGO DISTRICT OFFICE

John P. Rowe
District Director
Equal Employment Opportunity Commission
500 W. Madison Street, Suite 2800
Chicago, Illinois 60661

RE: **PETITION TO REVOKE SUBPOENA IN THE MATTER OF:**

Charging Party:    Regina Fields Herring
Charge No.:        210-2005-00403
Respondent:        Dolgencorp, Inc.

Dear Director Rowe:

Pursuit to 29 C.F.R. §1601.16(b), this serves as the petition of Respondent Dolgencorp, Inc. to revoke the subpoena attached hereto as **Attachment A** and issued by the Equal Employment Opportunity Commission ("Commission") in the above matter.[1] For the reasons discussed below, Respondent petitions that said subpoena be revoked and objects to providing the requested information. To ensure the completeness of the record in this matter, enclosed as **Attachment B** is a copy of the Petition To Revoke previously submitted in response to the subpoena originally served on Respondent.

Preliminarily, Respondent objects to the Commission's definition of the term "documents." As defined by the Commission, this term is overly broad, unduly burdensome, not stated with reasonable particularity, seeks documents that are irrelevant to the subject matter of the subject charge and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, as defined by the Commission, this term appears to encompass confidential and/or proprietary documents and documents that are protected by the attorney-client privilege and/or work product doctrines.

---

[1] Dolgencorp, Inc. is a wholly owned subsidiary of Dollar General Corporation, the entity to whom the Commission's subpoena was directed. The contingent offer of employment at issue in this matter was extended by Dolgencorp, Inc.; however, Dollar General Corporation adopts the position and arguments advanced herein to the extent necessary.

Respondent petitions to have the subpoena revoked on the additional basis that it is overly broad and unduly burdensome. The Commission has ordered Respondent to "[p]rovide the number of employees given contingent offers of employment by Dolgencorp, Inc. and DG Retail, LLC, during the period of January 1, 2004 to April 1, 2007." Further, the Commission asks Respondent to identify by position title and race each of those individuals identified. The Commission has also ordered Respondent to "provide the number of employees who had their contingent offer of employment revoked as a result of a criminal background check." Although the Commission has somewhat narrowed the scope of the current request by limiting it to offers of employment made by Dolgencorp, Inc. and DG Retail, LLC rather than all subsidiaries of Dollar General Corporation, the request remains overly broad and unduly burdensome.

Dolgencorp, Inc. and DG Retail, LLC collectively employ all retail employees of Dollar General Corporation and its subsidiaries with the exception of retail employees located in 3 states.[2] Moreover, the vast majority of the approximately 415,000 contingent offers of employment made by Dollar General Corporation and its subsidiaries during the period January 1, 2004 through April 1, 2007 were made on behalf of Dolgencorp, Inc. and DG Retail, LLC. As such, the administrative burden to Respondent of producing the requested information largely remains unchanged.

The scope of the current subpoena remains much more broad than necessary in order to allow the Commission to complete its investigation into the Charge of Discrimination ("Charge") filed by Charging Party – notably, a single charge filed by a single person challenging a single employment action (and containing no class, pattern and practice or disparate impact allegations).[3] The information requested is still not limited to the store, city or even state in which Charging Party was employed. Rather, the Commission seeks access to information about every person to whom a contingent offer of employment was made in over 30 states. Likewise, the information requested is not limited to the time frame surrounding Charging Party's offer of employment, but rather is for a period of time that extends over 3 years.

The sheer volume of information requested creates an administrative burden for Respondent, particularly in light of the Commission's failure even once to articulate a factual basis for extending its investigation beyond the allegations contained on the face the Charge. Although the Commission may believe that Respondent can simply press a button and produce the requested information, this is simply not the case. Gathering information in order to respond to the subpoena as requested would require Respondent to assign an

---

[2] Employees in Texas, New York and Kentucky are not employed by either Dolgencorp, Inc. or DG Retail, LLC.

[3] Respondent notes that shortly after the Charge was filed Respondent provided to the Commission the necessary information to conclude that Charging Party was treated the same as other similarly situated individuals without regard to her race.

employee of the Human Resources Information Systems ("HRIS") Department to compile the necessary information. This assignment would take an employee, at a minimum, several full days during which time the employee would be precluded from performing other tasks. Moreover, the assignment would potentially require the exclusive use of computer systems and support resources. Additionally, because Respondent does not specifically track the number of individuals who fail to meet hiring criteria as a result of the background check, Respondent would have to request information from third-party vendors in order to make such determination. Producing the requested information is therefore burdensome not only to Dollar General, but also its third party vendors who conduct drug testing and background checks – a burden imposed simply because one office of the Commission has decided to target employers' use of criminal background checks even where no basis exists to believe that a particular employer's background check process and/or criteria are unlawful.

The Commission seeks to impose on Respondent the administrative burden of producing the requested information without ever having articulated any factual basis - let alone a legitimate one - that the information would be useful in the investigation of the pending Charge. As noted above, Charging Party did not include class, pattern/practice or disparate impact allegations in her Charge, and the Commission has yet to articulate any basis to suspect that Respondent's background check has a disparate impact on any protected basis. In fact, other than generalized assumptions about the impact of criminal background checks, the Commission cannot articulate any basis for the position that criminal background checks have an adverse impact on racial minorities.[4] Such assumptions, without more, are not sufficient to require the production of the requested records.

For the reasons stated above, Respondent petitions that the subpoena in this matter be revoked.

Sincerely,

DOLLAR GENERAL CORPORATION

Jennifer Gingery Cook
Senior Employment Attorney

---

[4] In fact, it is Respondent's understanding that the Commission itself requires applicants to successfully pass a criminal background check.



EEOC Form 136
(Test 10/94)

# UNITED STATES OF AMERICA

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO:  David A. Perdue, Chairman and C.E.O.          NO.          CH-07-337 (AMENDED)

Dollar General Corporation

100 Mission Ridge
Goodlettsville, Tennessee 37072-2171

IN THE MATTER OF:          **Regina Fields Herring vs. Dollar General Corporation**

Charge No. : 210-2005-00403

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official,  YOU ARE HEREBY REQUIRED AND DIRECTED TO:

| | | |
|---|---|---|
| ☐ Testify before: | ☐ Produce and bring * or | ☒ X  Mail *  the documents described below to: |

☐ Produce access to the evidence described below for the purpose of examination or copying to:

**Sarronda C. Harris,  Investigator** (312) 886-9320                    of the Equal Employment Opportunity Commission

at     500 W. Madison Street, Suite 2800, Chicago, Illinois 60661     by     July 6, 2007     at     9:00 a.m

The evidence required is:

All documents (see definition attached hereto as Exhibit A) which state, describe, constitute, refer to, or relate in any way to:

See Exhibit B attached hereto and made a part hereof.

cc: Jennifer Gingery Cook, Senior Employment Attorney
    Dollar General Corporation
    100 Mission Ridge
    Goodlettsville, Tennessee 37072-2171

This subpoena is issued pursuant to    ☒ X  (Title VII) 42 U.S.C. 2000e-9     ☐ (ADEA) 29 U.S.C. 626(a)     ☐ (EPA) 29 U.S.C.209

☐ (ADA) 42 U.S.C. 12117(a)

ISSUING OFFICIAL (Typed name, title and address)          ON BEHALF OF THE COMMISSION

John P. Rowe, District Director
Equal Employment Opportunity Commission
500 W. Madison St., Suite 2800
Chicago, IL 60661

*John P. Rowe*          6/25/2007
                                    Date

## EXHIBIT A

"Documents" shall mean and include all written, printed, typed or graphic material, or other tangible mediums of reproduction or communication, of every kind and description, however produced or reproduced, including, but not limited to:   correspondence, statements, memoranda, films, microfilms, microfiche, pictures, videotapes, recordings of any type, transcripts, notes, photographs, slides, drawings, sketches, diagrams, graphs, charts, forms, letters, lists, reports, medical reports, studies, working papers, financial statements, bills, checks, vouchers, telegrams, abstracts, news releases, periodicals, bulletins, circulares, diaries, calendars, desk calendars, rules, regulations, codes, contracts, agreements, notebooks, files, records, books, manuals, machine-readable documents from which any of the foregoing documents are or may be produced, documents which contain, include, and/or explain any and all codes appearing on said machine-readable documents, or material similar to any of the foregoing, however denominated, by whomever prepared, to whomever addresses, which are in the possession, custody or control of the person or entity to which this Subpoena is directed or to which such person or entity has, has had, or can obtain access. Further, the term "documents" includes any copies of documents which are not identical duplicates of the originals, including, but not limited to, all drafts of whatever date, copies with typed or handwritten notations, and copies of documents the originals of which are not in the possession, custody, or control of the person or entity to which the Subpoena is directed.

EEOC Charge No.: 210-2005-00403
Subpoena: CH-07-337 (AMENDED)

# EXHIBIT B

1.    Provide the **number** of employees given contingent offers of employment by Dolgencorp, Inc. and DG Retail LLC, during the period of January 1, 2004 to April 1, 2007.

    a.    Break the number down by position title and, within position title, by race.

2.    Of those employees identified above, provide the **number** of employees who had their contingent offers of employment revoked as a result of a criminal background check.

    a.    Break the number down by position title and, within position title, by race.



 **DOLLAR GENERAL CORPORATION**

Telephone: (615) 855-5157
Facsimile: (615) 855-5154
e-mail: jcook@dollargeneral.com

*100 Mission Ridge*
*Goodlettsville, TN 37072*

*615.855.4000*

*www.dollargeneral.com*

May 3, 2007

<u>VIA U.S. MAIL & FACSIMILE TO 312/886-1168</u>
John P. Rowe
District Director
Equal Employment Opportunity Commission
500 W. Madison Street, Suite 2800
Chicago, Illinois 60661

RE:    **PETITION TO REVOKE SUBPOENA IN THE MATTER OF:**
         Charging Party:    Regina Fields Herring
         Charge No.:    210-2005-00403
         Respondent:    Dolgencorp, Inc.

Dear Director Rowe:

Pursuit to 29 C.F.R. §1601.16(b), this serves as the petition of Respondent Dolgencorp, Inc. to revoke the subpoena attached hereto as **Attachment A** and issued by the Equal Employment Opportunity Commission ("Commission") in the above matter.[1] For the reasons discussed below, Respondent petitions that said subpoena be revoked and objects to providing the requested information.

Preliminarily, Respondent objects to the Commission's definition of the term "documents." As defined by the Commission, this term is overly broad, unduly burdensome, not stated with reasonable particularity, seeks documents that are irrelevant to the subject matter of the subject charge and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, as defined by the Commission, this term appears to encompass confidential and/or proprietary documents and documents that are protected by the attorney-client privilege and/or work product doctrines.

---

[1] Dolgencorp, Inc. is a wholly owned subsidiary of Dollar General Corporation, the entity to whom the Commission's subpoena was directed. The contingent offer of employment at issue in this matter was extended by Dolgencorp, Inc.; however, Dollar General Corporation adopts the position and arguments advanced herein to the extent necessary.

*Serving Others*

I.    The Subpoena Is Vague and Ambiguous

Respondent has previously provided the Commission with, among other things, the opportunity to interview Lorrie Rager, Respondent's former Asset Protection Support Supervisor.[2]  Despite having taken this opportunity, the Commission continues to misconstrue Respondent's hiring process. As explained on several occasions, Respondent does not conduct background checks on applicants. Rather, Respondent only conducts background checks on those persons to whom contingent offers of employment have been made. If the results of the background check indicate that the individual does not fall within Respondent's hiring parameters, the contingent offer of employment is revoked. Hence, Respondent is unclear as to the meaning of the words "not hired" and "discharged" as they relate to Respondent's background check process.[3]

II.    The Scope of the Subpoena Is Overly Broad and Unduly Burdensome

Respondent petitions to have the subpoena revoked on the additional basis that it is overly broad and unduly burdensome. The Commission has ordered Respondent to produce "the number of employees hired by race and position title" for the time period January 1, 2004 to April 1, 2007. In fiscal year 2004, Dollar General Corporation and its subsidiaries ("Dollar General") made approximately 125,000 contingent offers of employment. In fiscal year 2005, Dollar General made approximately 138,000 contingent offers of employment. In fiscal year 2006, Dollar General made approximately 152,000 contingent offers of employment. As a result, the Commission is requesting information relating to over 415,000 persons.

The scope of the subpoena is much more broad than necessary in order to allow the Commission to complete its investigation into the Charge of Discrimination ("Charge") filed by Charging Party – notably, a single charge filed by a single person challenging a single employment action (and containing no class, pattern and practice or disparate impact allegations).[4]  The information requested is not limited to the store, city or even state in

---

[2] Although Ms. Rager was no longer employed by Dollar General at the time of her interview with the Commission, Respondent did arrange to make Ms. Rager available because she was the person in the best position to explain how Respondent's background check process worked during the relevant period.

[3] Respondent also is unclear as to what the Commission intends in Request No. 1 when it asks for a list of "employees hired by race and position." Does the Commission imply that employees are hired by race? Does it intend that Respondent provide two lists regarding persons to whom a contingent offer of employment was made – one sorted by race and another by position? Or does it intend that Respondent provide a single list of persons to whom contingent offers were made reflecting the position offered and sorted by race within each position?

[4] Respondent notes that shortly after the Charge was filed Respondent provided to the Commission the necessary information to conclude that Charging Party was treated the same as other similarly situated individuals without regard to her race.

which Charging Party was employed. Rather, the Commission seeks access to information about every person to whom a contingent offer of employment was made in every store, in every city and state in which Respondent does business. Likewise, the information requested is not limited to the time frame surrounding Charging Party's offer of employment, but rather is for a period of time that extends over 3 years.

The sheer volume of information requested creates an administrative burden for Respondent, particularly in light of the Commission's failure even once to articulate a factual basis for extending its investigation beyond the allegations contained on the face the Charge. Although the Commission may believe that Respondent can simply press a button and produce the requested information, this is simply not the case. Gathering information in order to respond to the subpoena as requested would require Respondent to assign an employee of the Human Resources Information Systems ("HRIS") Department to compile the necessary information. This assignment would take an employee, at a minimum, several full days during which time the employee would be precluded from performing other tasks. Moreover, the assignment would potentially require the exclusive use of computer systems and support resources. Additionally, because Respondent does not specifically track the number of individuals who fail to meet hiring criteria as a result of the background check, Respondent would have to request information from third-party vendors in order to make such determination. Producing the requested information is therefore burdensome not only to Dollar General, but also its third party vendors who conduct drug testing and background checks – a burden imposed simply because one office of the Commission has decided to target employers' use of criminal background checks even where no basis exists to believe that a particular employer's background check process and/or criteria are unlawful.

III.    The Information Requested Is Not Relevant Nor Reasonably Necessary to the Investigation of the Charge

The Commission seeks to impose on Respondent the administrative burden of producing the requested information without ever having articulated any factual basis - let alone a legitimate one - that the information would be useful in the investigation of the pending Charge. As noted above, Charging Party did not include class, pattern/practice or disparate impact allegations in her Charge, and the Commission has yet to articulate any basis to suspect that Respondent's background check has a disparate impact on any protected basis. In fact, other than generalized assumptions about the impact of criminal background checks, the Commission cannot articulate any basis for the position that criminal background checks have an adverse impact on racial minorities.[5] Such assumptions, without more, are not sufficient to require the production of the requested records.

---

[5] In fact, it is Respondent's understanding that the Commission itself requires applicants to successfully pass a criminal background check.

For the reasons stated above, Respondent petitions that the subpoena in this matter be revoked.

Sincerely,

DOLLAR GENERAL CORPORATION

Jennifer Gingery Cook
Senior Employment Attorney

Enclosure: as stated

## CERTIFICATE OF SERVICE

I certify that the foregoing Petition to Revoke was mailed to John Rowe, Equal Employment Opportunity Commission, 500 W. Madison St., Suite 2800, Chicago, IL 60661 on this the 3rd day of May, 2007.

Jennifer Gingery Cook

EXHIBIT

A

EEOC Form 136
(Test 10/94)

# UNITED STATES OF AMERICA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO:    David A. Perdue, Chairman and C.E.O.

Dollar General Corporation

100 Mission Ridge
Goodlettsville, Tennessee 37072-2171

NO.    CH-07-337

**RECEIVED**

APR 2 7 2007

EMPLOYMENT LAW
GROUP

IN THE MATTER OF:    **Regina Fields Herring vs. Dollar General Corporation**

Charge No. : 210-2005-00403

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official,  YOU ARE HEREBY REQUIRED AND DIRECTED TO:

[ ] Testify before:    [ ] Produce and bring * or    [X] Mail *  the documents described below to:

[ ] Produce access to the evidence described below for the purpose of examination or copying to:

**Sarronda C. Harris,  Investigator** (312) 886-9320                          of the Equal Employment Opportunity Commission

at     500 W. Madison Street, Suite 2800, Chicago, Illinois 60661    by    May 4, 2007    at    9:00 a.m

The evidence required is:

All documents (see definition attached hereto as Exhibit A) which state, describe, constitute, refer to, or relate in any way to:

See Exhibit B attached hereto and made a part hereof.

cc: Jennifer Gingery Cook, Senior Employment Attorney
Dollar General Corporation
100 Mission Ridge
Goodlettsville, Tennessee 37072-2171

This subpoena is issued pursuant to    [X] (Title VII) 42 U.S.C. 2000e-9    [ ] (ADEA) 29 U.S.C. 626(a)    [ ] (EPA) 29 U.S.C.209

[ ] (ADA) 42 U.S.C. 12117(a)

ISSUING OFFICIAL (Typed name, title and address)                ON BEHALF OF THE COMMISSION

John P. Rowe, District Director
Equal Employment Opportunity Commission
500 W. Madison St., Suite 2800
Chicago, IL 60661

4/24/67
Date

## EXHIBIT A

"Documents" shall mean and include all written, printed, typed or graphic material, or other tangible mediums of reproduction or communication, of every kind and description, however produced or reproduced, including, but not limited to: correspondence, statements, memoranda, films, microfilms, microfiche, pictures, videotapes, recordings of any type, transcripts, notes, photographs, slides, drawings, sketches, diagrams, graphs, charts, forms, letters, lists, reports, medical reports, studies, working papers, financial statements, bills, checks, vouchers, telegrams, abstracts, news releases, periodicals, bulletins, circulares, diaries, calendars, desk calendars, rules, regulations, codes, contracts, agreements, notebooks, files, records, books, manuals, machine-readable documents from which any of the foregoing documents are or may be produced, documents which contain, include, and/or explain any and all codes appearing on said machine-readable documents, or material similar to any of the foregoing, however denominated, by whomever prepared, to whomever addresses, which are in the possession, custody or control of the person or entity to which this Subpoena is directed or to which such person or entity has, has had, or can obtain access. Further, the term "documents" includes any copies of documents which are not identical duplicates of the originals, including, but not limited to, all drafts of whatever date, copies with typed or handwritten notations, and copies of documents the originals of which are not in the possession, custody, or control of the person or entity to which the Subpoena is directed.

EEOC Charge No.: 210-2005-00403
Subpoena: CH-07-337

# EXHIBIT B

1.    For each state[1] in which Respondent operated during the period January 1, 2004 to April 1, 2007, provide the number of employees hired by race and position title.

2.    For each state in which Respondent operated during the period January 1, 2004 to April 1, 2007, provide the number of employees not hired as a result of a criminal background check by race.

3.    For each state in which Respondent operated during the period January 1, 2004 to April 1, 2007, provide the number of employees discharged as a result of a criminal background check by race.

---

1 If Respondent utilizes a system where store locations are grouped other than by state (i.e., by districts or regions), the requested information may be submitted in that format.

**EXHIBIT 4**

# UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| **IN THE MATTER OF:** | ) |
| | ) |
| **REGINA FIELDS-HERRING** | ) **SUBPOENA NO. CH-07-337** |
| | ) **(AMENDED)** |
| **Charging Party** | ) |
| **v.** | ) **CHARGE NO.** |
| | ) **210-2005-00403** |
| **DOLLAR GENERAL CORP.** | ) |
| | ) |
| **Respondent.** | ) |

PETITIONER:

Dollar General Corp.

BY:

Jennifer Gingery Cook
Senior Employment Attorney
Dollar General Corporation
100 Mission Ridge
Goodlettsville, TN 37072

## DETERMINATION ON PETITION TO REVOKE SUBPOENA

The United States Equal Employment Opportunity Commission ("Commission"),

pursuant to 29 C.F.R. §1601.16 (a), Procedural Regulations of the Commission, and in

accordance with Sections 24.12 of the Compliance Manual, hereby issues a Determination on

Respondent Dollar General Corporation's Petition to Revoke Subpoena CH-07-337

(AMENDED). For reasons set forth below, Respondent's Petition to Revoke Subpoena is denied.

### I. BACKGROUND

On October 28, 2004, Ms. Regina Fields-Herring ("Charging Party") filed a charge of

discrimination, EEOC Charge No. 210-2005-00403, against Dollar General Corporation

("Respondent"), attached as Exhibit 1. Charging Party alleges that Respondent discriminated against her on the basis of her race, Black. Specifically, Charging Party alleges that Respondent discriminated against her on September 23, 2004, on the basis of a background check showing a 1998 felony conviction for possession of a controlled substance.

The Charge was assigned for investigation pursuant to Section 706(b) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5. On November 1, 2004, the Commission mailed a notice of Charging Party's charge to Respondent.

On March 23, 2007, EEOC mailed a Request for Information ("RFI") to Respondent. When Respondent failed to provide EEOC with the material sought in the RFI, the investigator, Sarronda C. Harris, served Respondent with Subpoena Number CH-07-337 ("Subpoena") dated April 24, 2007.[1]

In response to the Subpoena, Respondent served the Commission with a Petition to Revoke Subpoena, dated May 3, 2007. Following correspondence between Respondent and the Commission, the Commission issued an amended subpoena, Subpoena Number CH-07-337 (AMENDED) ("Amended Subpoena"). The Amended Subpoena requested Respondent to do the following (emphasis in the original):

1.     Provide the **number** of employees given contingent offers of employment by Dolgencorp., Inc. and DG Retail LLC, during the period of January 1, 2004 to April 1, 2007.

     a.     Break the number down by position title and, within position title, by race.

2.     Of those employees identified above, provide the **number** of employees who had their contingent offers of employment revoked as a result of a criminal background check.

---

[1] This is not the first time Respondent has refused to comply with an EEOC subpoena with respect to this Charge. Earlier this year, on or about March 12, 2006, EEOC filed an Application for an Order to Show Cause. After a hearing, Respondent was ordered to comply with EEOC's subpoena.

a.    Break the number down by position title and, within position title, by race.

In response to the Amended Subpoena, Respondent served the Commission with a Petition to Revoke Subpoena, dated July 2, 2007, attached as Exhibit 2.

## II. ANALYSIS

Charging Party alleges that she was discriminated against on the basis of her race, specifically alleging that she was terminated by Respondent due to having a conviction for possession of a controlled substance. Such a claim could be sustained due to either disparate treatment (similarly situated non-Blacks were not rejected for employment) or disparate impact (Respondent's policy(ies) regarding applicants with convictions have a significantly greater negative impact on Blacks than on other groups of applicants). The Commission must investigate whether either of these scenarios has occurred in this case.

In its Petition to Revoke Subpoena, Respondent objects to the Amended Subpoena on the grounds that it allegedly is overly broad and unduly burdensome and seeks some materials that are irrelevant. This determination will address these objections in turn.

A.    **Breadth and Burden**

A Commission subpoena will be enforced unless Respondent demonstrates that compliance "would threaten the normal operation of a Respondent's business." *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 313 (7th Cir. 1981). *See also, EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642 (7th Cir. 1995); *EEOC v. Maryland Cup Corp.*, 785 F.2d 471 (4th Cir. 1986); *EEOC v. A. E. Staley Manufacturing Co.*, 711 F.2d 780 (7th Cir. 1983). Respondent bears the burden of demonstrating that responding to the subpoena would severely disrupt its business. *Bay Shipbuilding*, 668 F.2d at 313; *Staley*, 711 F.2d at 788. In determining whether compliance is overly burdensome, the court need not accept Respondent's estimate of time and cost to comply.

3

*Quad/Graphics, Inc.*, 63 F.3d at 648-49 (rejecting respondent's estimate that compliance would take over 200,000 hours, noting a number of flaws in the estimation procedure).

Respondent asserts that the definition of the word "documents" in the Amended Subpoena is overly broad and unduly burdensome and encompasses confidential documents protected by the attorney-client privilege and/or work product doctrine. However broad the definition of "documents" may be in Exhibit A of the Amended Subpoena, that breadth is adequately limited by the specificity of the requests in Exhibit B. The information requested by EEOC consists only of the **number** of employees given contingent offers and the **number** of employees who have had their positions revoked as a result of a criminal background checks, sorted by position title and race. None of that information is covered by the attorney-client privilege or the work product doctrines. The Amended Subpoena adequately restricts the meaning of the term "documents" so that it is not on its own overly broad or unduly burdensome.

Respondent also asserts that it will be unduly burdened if it has to gather the information requested by the Amended Subpoena. Respondent claims that the Amended Subpoena requests information about the "vast majority" of the 415,000 contingent offers of employment made from January 1, 2004 to April 1, 2007 in over 30 states. Respondent claims that it will take one employee, at a minimum, several full days to compile such information. Additionally, Respondent claims, third parties will be unduly burdened because Respondent will have to request information from third-party vendors, who performed background checks for Respondent, in order to determine how many individuals failed to meet the hiring criteria as a result of the background check.

The extent of Respondent's burden of compliance is unclear. In the Petition to Revoke Subpoena, Respondent claims that the Amended Subpoena requests information regarding

contingent offers in more than 30 states. However, the correspondence between EEOC and

Respondent in the period between the original Subpoena and the Amended Subpoena, on the

other hand, indicates that the Amended Subpoena would only request information from entities

covering around 8 states, including Illinois.[2]    Nonetheless, even if Respondent's characterization

of the burden is accurate, it is inadequate to excuse Respondent's obligation to comply with the

Amended Subpoena. Respondent claims that it will take one employee several full days to

compile the information. In *EEOC v. Quad/Graphics*, 63 F.3d at 648-49, Respondent submitted

affidavits asserting that it would take 203,994 employee hours to comply with the EEOC's

subpoena. Yet both the District Court and the Seventh Circuit found that the Respondent had not

met its burden in showing that its normal business operations would be disrupted by

compliance.[3] Respondent does not articulate the extent of any burden on third-party vendors, but

based upon Respondent's other estimates, it can be presumed that the burden will be inadequate

to excuse compliance.

B.    **Relevance**

The EEOC has broad access to information, including access to any evidence of any

person relating to unlawful employment practices covered by Title VII. 42 U.S.C. § 2000e-8(a).

"That limitation on the Commission's investigative authority is not especially constraining. Since

---

[2] EEOC and Respondent have had several more recent discussions in which EEOC has sought clarification of Respondent's corporate and operational structure in order to attempt to narrow the subpoena and to reduce any alleged burden for Respondent. Most recently, after Respondent explained for the first time that employees were grouped, operationally, into stores, districts, regions, and divisions, EEOC suggested that Respondent provide the requested information for just the region in which CP was employed. By Respondent's own reckoning, this would involve reviewing information concerning only 10-15,000 employees – far fewer than the original quote of 415,000. Even with this concession, however, Repondent would not agree to provide the information, claiming that it had no reason to do so, since EEOC just "want[s] to sue [them]," and citing its alleged concern that "voluntarily producing responsive documents would not result in the dismissal of this matter regardless of what the information showed."

[3] According to its web site (http://www.dollargeneral.com/aboutus/generalinformation.aspx), Respondent has annual sales of over nine billion dollars, employs over sixty-nine thousand people, and operates more than eight thousand stores. It is, therefore, highly improbable that having to expend, by its reckoning, one employee for several days in complying with EEOC's subpoena would disrupt its normal operations.

the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984); *Motorola v. McLain*, 484 F.2d 1339, 1342 (7th Cir. 1973), *cert. denied*, 416 U.S. 936 (1974). Moreover, the "relevance requirement does not limit the EEOC to the evidence concerning the specific charge. An EEOC subpoena may also seek evidence concerning employment practices other than those specifically charged by complainants." *EEOC v. Deb Shops, Inc.*, No. 94-C-5985, 1995 WL 579541, at *12 (N.D. Ill. Sept. 28, 1995).

Respondent asserts that the Amended Subpoena requests are so broad that much of the information sought is irrelevant. Respondent claims that the Charge does not contain any disparate impact allegations, and that a disparate treatment claim with one claimant requires less information than what is being requested. However, the information requested in the Amended Subpoena is relevant to Charging Party's disparate treatment claim because the information will help to ascertain whether Charging Party was treated differently than other similarly situated employees. Additionally, the Commission has not yet determined whether a basis for a disparate impact claim exists and requires the information sought in the Amended Subpoena to make its determination. The Commission is not constrained in its subpoena power only to information that is directly relevant to those charges specifically made by Charging Party. The information requested is relevant to Charging Party's disparate treatment claim as well as a possible disparate impact claim.

## III. <u>DETERMINATION</u>

THEREFORE, for the reasons stated above, Respondent's Petition to Revoke Subpoena is denied. The law and the facts show that the Commission's issuance of the subpoena is in

accordance with Title VII and specifically in accordance with the Commission's authority to investigate the instant charge.

The information requested in the subpoena, as modified above, is required to be produced to Sarronda C. Harris, Equal Employment Opportunity Commission Investigator, at 500 West Madison Avenue, Suite 2800 Chicago, Illinois 60661, within ten business days of receipt of this Determination.


On behalf of the Commission,


Stephen Llewellyn                                    9/5/07
Acting Executive Officer                             Date
Executive Secretariat

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507