REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED



ALL-STATE LEGAL®
EXHIBIT

Employees From Store 6279 Between January 2004 and November 2004

| Store | Type | No. | Date | Date | Date | Wage | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 6279 | TN | 432 | 9/18/04 | 9/18/04 | 10/1/04 | $6.50 | B | M |
| 6279 | TN | 432 | 7/22/04 | 6/8/04 | 6/29/04 | $6.50 | B | M |
| 6279 | AF | 906 | 9/19/02 | 9/19/02 | | $33,580.00 | WH | M |
| 6279 | TN | 432 | 9/21/04 | 9/24/04 | 12 | $6.50 | WH | F |
| 6279 | TN | 432 | 9/16/04 | 9/16/04 | 10/1/04 | $6.50 | B | F |
| 6279 | TN | 432 | 9/17/04 | 9/17/04 | 9/28/04 | $6.50 | B | F |
| 6279 | TN | 432 | 6/9/04 | 6/9/04 | 10/1/04 | $6.50 | B | F |
| 6279 | TN | 432 | 6/8/04 | 6/8/04 | 9/25/04 | $6.50 | B | F |
| 6279 | AF | 432 | 9/16/04 | 9/16/04 | 5 | $6.50 | B | F |
| 6279 | TN | 432 | 6/8/04 | 6/8/04 | 7/13/04 | $6.50 | B | F |
| 6279 | TN | 432 | 9/16/04 | 9/16/04 | 10/1/04 | $6.50 | WH | F |
| 6279 | TN | 432 | 9/16/04 | 9/16/04 | 10/8/04 | $6.50 | WH | F |
| 6279 | TN | 432 | 6/8/04 | 6/8/04 | 7/8/04 | $6.50 | WH | F |
| 6279 | AF | 432 | 9/17/04 | 9/17/04 | 4 | $8.50 | HI | F |
| 6279 | TN | 432 | 6/8/04 | 6/8/04 | 6/29/04 | $8.50 | B | M |
| 6279 | TN | 432 | 6/8/04 | 6/8/04 | 11/1/04 | $8.50 | B | M |
| 6279 | TN | 432 | 9/21/04 | 9/21/04 | 11/1/04 | $6.50 | B | F |
| 6279 | TN | 432 | 9/16/04 | 9/16/04 | 10/1/04 | $6.50 | B | F |
| 6279 | TN | 432 | 9/17/04 | 9/17/04 | 9/28/04 | $6.50 | M | F |
| 6279 | TN | 432 | 9/17/04 | 9/17/04 | 10/1/04 | $6.50 | B | F |
| 6279 | TN | 432 | 9/21/04 | 10/1/04 | 10/1/04 | $6.50 | B | F |
| 6279 | TN | 432 | 9/16/04 | 9/16/04 | 9/23/04 | $6.50 | AN | H |
| 279 | AF | 906 | 10/6/03 | 10/6/03 | 5 | $30,000.00 | WB | F |
| 279 | AF | 432 | 9/17/04 | 9/17/04 | | $6.50 | WH | H |
| 279 | TN | 432 | 6/8/04 | 6/8/04 | 8/13/04 | $8.50 | HI | F |
| 279 | TN | 432 | 6/8/04 | 6/8/04 | 8/28/04 | $8.50 | WH | F |
| 279 | TN | 432 | 9/17/04 | 9/17/04 | 10/4/04 | $6.50 | B | F |
| 279 | AP | | 4/12/00 | 10/27/04 | | $6.25 | M | M |
| 279 | 909 | 9/18/04 | 9/16/04 | 10/28/04 | | $7.25 | WH | F |
| 279 | TN | 432 | 6/8/04 | 9/18/04 | 10/1/04 | $6.50 | B | F |

Prepared by: Leslie Shrum - HRIS on November 30, 2004
Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. EQUAL EMPLOYMENT ) 
OPPORTUNITY COMMISSION, )
 )
Applicant, )
 )   No. 06 C 1398
v. )
 )   Judge Marovich
DOLGENCORP, )
 )   Magistrate Judge Schenkier
Respondent. )

<u>AFFIDAVIT OF JENNIFER GINGERY COOK</u>

I, Jennifer Gingery Cook, first being duly sworn, depose and state that:

1.    I am the Senior Employment Attorney in Dollar General's law department located at its Tennessee headquarters. I have personal knowledge of the facts set forth in this Affidavit and am otherwise competent to testify regarding those facts.

2.    During the course of the EEOC's investigation into the charge of discrimination filed by Regina Fields-Herring (EEOC Charge No. 210-2005-00403), Dollar General produced a redacted copy of its background check criteria indicating that a felony conviction for possession of a controlled substance is an offense that will exclude from eligibility for a period of ten (10) years a person to whom a conditional offer of employment has been made. Dollar General also produced information indicating that Fields-Herring had been convicted of felony possession of a controlled substance.

3.    Dollar General produced all available applications received by its Waukegan, Illinois store during the period from July 1, 2004 through December 31, 2004. Despite serious privacy concerns and the EEOC's unwillingness to enter into a qualified protective order, Dollar General also produced the background check reports for all applicants to whom conditional

Error! Unknown document property name.



offers of employment were made during the period from July 1, 2004 through December 31, 2004.  The information provided to the EEOC shows that a contingent offer of employment made on or about September 21, 2004 to Jay M. Smith, a similarly situated Caucasian, was revoked as a result of a background check.  Smith was discharged on or about September 28, 2004.  Additionally, the information shows that Precinda Cain, a similarly situated African-American, was hired by Dollar General on or about September 16, 2004.  Cain successfully passed the background check.

Further Affiant sayeth not.

JENNIFER GINGER COOK

Subscribed and Sworn to before
me this 3rd day of April
2006.

Notary Public

My Commission Expires JULY 23, 2009

STATE
OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY, TENN.

JO ANN LAMPE

 **DOLLAR GENERAL CORPORATION**

Telephone: (615) 855-5157
Facsimile: (615) 855-5154
e-mail: jcook@dollargeneral.com

*100 Mission Ridge*
*Goodlettsville, TN 37072*
*615.855.4000*
*www.dollargeneral.com*

August 10, 2007

VIA U.S. MAIL & FACSIMILE TO 312/886-1168

Diane Smason
Senior Trial Attorney
Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661

> RE:  Charging Party:    Regina Fields-Herring
>       Charge Number:    210-2005-00403
>       Respondent:       Dolgencorp, Inc.

Dear Ms. Smason:

This follows our conversation on Tuesday. While I will not summarize our entire conversation, I did want to address some specific points. When Jeanne Zromba initially called me to discuss the Petition to Revoke filed by Dollar General in response to the subpoena issued by the Commission on or about April 24, 2007 she made inquiries regarding the <u>corporate structure</u> of Dollar General Corporation and its subsidiary entities. I provided this information to her, although notably this information is generally available since Dollar General Corporation was, until very recently, a publicly traded company. When Ms. Zromba telephoned approximately a week or so ago, she made inquiries in regard to the <u>operational structure</u> of Dollar General stores. I again provided this information as requested despite the fact that this information had never previously been requested during the over three year period of time that this instant charge has been pending.

I take issue with your characterization of the information provided as anything less than accurate. That the Commission and its representatives either do not understand the questions being asked and/or the answers being provided, does not change that fact that the information provided was accurate. Moreover, Dollar General has been cooperative in providing this information despite the absence of any formal request to do so. I think this more than demonstrates Dollar General's continuing desire to seek a resolution to this matter without the need for intervention by the courts.

<div style="writing-mode: vertical">Serving Others</div>



EXHIBIT
Ɛ

Diane Smason
August 10, 2007
Page 2

In the interest of cooperation and clarity, I provide to you the following information. Dollar General is a distributor of consumable basics with over 8,000 stores in 35 states. Consumable basics are items that are frequently used and replenished by our customers - such as milk, paper products, food, snacks, health and beauty aids and cleaning supplies. Groups of approximately 12–18 Dollar General stores are organized into districts. Districts are organized into regions. Regions are generally established by a number of factors, including but not limited to number of stores, store sales volume and geographic locations. Regions are currently organized into 7 divisions, that are generally consistent with state boundaries. As I indicated, the composition of districts, regions and divisions are not static and are changed from time to time to best meet operational needs. This operational alignment is very different from Dollar General's corporate structure, i.e., the corporate entities that comprise Dollar General and the states in which those entities operate. I've never represented anything to the contrary.

Finally, I would like to reiterate at least part of the basis for Dollar General's concern that voluntarily producing responsive documents would not result in the dismissal of this matter regardless of what the information showed. Regional Attorney John Hendrickson has been cited in the October 25, 2005 issue of Daily Labor Report, among other publications, as discussing the fact that "employers run the risk of a disparate impact lawsuit" when information regarding criminal histories in utilized during the hiring process. As Dollar General has provided more than ample evidence for the Commission to dismiss Ms. Field-Herring's Charge, we can only assume this is the Commission's intention here. I find this position interesting in light of the Commission's own policy of inquiring into the criminal history of applicants and conducting criminal background screens on employees.

Sincerely,

DOLLAR GENERAL CORPORATION

Jennifer Gingery Cook
Senior Employment Attorney