IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT )<br>OPPORTUNITY COMMISSION )<br>)<br>Applicant, )<br>)<br>v. )<br>)<br>DOLGENCORP, )<br>Respondent. )<br>_____) | )<br>)<br>)<br>)<br>) Judge Marovich<br>) Civil Action No. 07 C 6672<br>)<br>)<br>)<br>) |

### EEOC'S RESPONSE TO RESPONDENT'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 12, 2008 ORDER

Applicant the Equal Employment Opportunity Commission (the "Commission" or "EEOC") submits this Response to Respondent's Objections to Magistrate Judge's February 12, 2008 Order. The EEOC is currently investigating a charge of race discrimination filed against Respondent Dolgencorp ("Dollar General") under Title VII of the Civil Rights Act of 1964 ("Title VII"). In the course of its investigation, the EEOC issued a subpoena seeking information relating to the number of employees to whom Respondent made contingent offers of employment. Respondent to date has refused to produce the requested information, and that refusal has delayed and hampered the investigation into this charge. The EEOC therefore applied for an Order to Show Cause Why the Subpoena Should Not be Enforced. On February 12, 2008, Magistrate Judge Shenkier granted EEOC's Application. See February 12, 2008 Order, Docket # 29 (hereinafter "Order").

I.  INTRODUCTION

In its Objections, Respondent lays out the facts surrounding the filing of the Charge in this case: an African American woman, Regina Fields-Herring, applied for and obtained a job

with Dollar General as a stocker/cashier. When she applied for the job, she told Dollar General that she had a felony conviction for drug possession six years earlier. Dollar General gave Fields-Herring a conditional offer of employment and then conducted a criminal background check. After obtaining the results of the background check, and after Fields-Herring had been working at the company for a few days, Dollar General revoked its offer. On October 29, 2004, Fields-Herring filed a Charge of Discrimination against Dollar General, claiming she was discriminated against because of her race. EEOC began to investigate whether the application of Dollar General's criminal background check policy unlawfully discriminated against Fields-Herring and African Americans.

Early in its investigation of this Charge, EEOC issued a subpoena in an effort to obtain the criminal background check "matrix" which had been used to disqualify Fields-Herring. Dollar General refused to provide it and moved to quash the subpoena. EEOC filed an application for an order to show cause why the subpoena should not be enforced, and the Magistrate Judge ordered Dollar General to produce the information on April 20, 2006.

Continuing its investigation, on March 23, 2007, EEOC mailed a Request for Information ("RFI") to Respondent seeking information about the *number* of employees who had been given contingent offers of employment.[1] Docket # 3. When Respondent failed to provide EEOC with the material sought in the RFI, EEOC served Respondent with Subpoena Number CH-07-337("Subpoena") dated April 24, 2007. Id. EEOC sought information concerning the

---

[1] Specifically, EEOC's RFI and subpoena requested Respondent to do the following (emphasis in the original):
    1.    Provide the **number** of employees given contingent offers of employment by Dolgencorp., Inc. and DG Retail LLC, during the period of January 1, 2004 to April 1, 2007.
        a.    Break the number down by position title and, within position title, by race.
    2.    Of those employees identified above, provide the **number** of employees who had their contingent offers of employment revoked as a result of a criminal background check.
        a.    Break the number down by position title and, within position title, by race.

number of African Americans who were denied offers of employment as a result of Dollar General's criminal background checks. To investigate this claim, EEOC has to analyze Dollar General's hiring statistics. Again, Dollar General refused to produce this information. After EEOC received Dollar General's Petition to Revoke this subpoena, EEOC had extensive discussions with counsel for Dollar General in an attempt to modify the subpoena to minimize the inconvenience for Dollar General in collecting the data. Based on several phone calls and letters to Dollar General, EEOC amended its subpoena. When Dollar General petitioned to revoke the amended subpoena ("Amended Subpoena"), counsel for EEOC attempted again to find out how Dollar General organized its hiring data so as to cause the least inconvenience to Dollar General and yet get EEOC enough data to be statistically significant. During one of these calls, counsel for Dollar General finally said, "Why should I give you information when you want to sue us?" Faced with this unequivocal response, EEOC again applied for an order to show cause why the subpoena should not be enforced. See Docket # 1-2. On February 12, 2008, Magistrate Judge Schenkier granted EEOC's application. Respondent now appeals from that Order.

II.    ARGUMENT

In its brief, Respondent makes the same arguments it made to the Magistrate Judge and which the Magistrate Judge explicitly rejected. This Court should reject these same arguments for the same reasons.

First, Respondent claims that the charge is insufficient to support the investigation. Defendant is simply incorrect. The charge alleges the discriminatory act: that Respondent fired the Charging Party after hiring her; it includes the relevant dates: interview date, hiring date, and termination date; it includes the alleged discriminatory basis for the termination: race; and it

identifies the involvement of Respondent's practice of conducting criminal background checks in the employment decision. Contrary to Respondent's argument, the law does not require anything more to justify EEOC's investigation.

As the Seventh Circuit has made clear, administrative subpoenas should be enforced judicially, provided that the investigation is within the authority of the agency, the subpoena is not too indefinite, and the information sought is reasonably relevant to the matters under investigation. EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987); EEOC v. A.E. Staley Mfg. Co., 711 F.2d 780, 783 (7th Cir. 1983, cert. denied, 466 U.S. 936 (1984)). Here, the Commission's investigation of an alleged violation of Title VII is clearly within its authority (see infra), the Amended Subpoena is quite specific, and the information sought is directly related to the matters under investigation.

Second, Respondent argues that the information sought by EEOC exceeds EEOC's investigative authority. Again, Respondent is incorrect. As Magistrate Judge Schenkier notes, "The Seventh Circuit has confirmed that the EEOC has the authority to file a complaint based on '[a]ny violation that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint . . ," Feb. 12, 2008 Order, citing EEOC v. Caterpillar, Inc., 409 F.3d 831, 833 (7th Cir. 2005), and the complaint need not be "closely related to the charge that kicked off the Commission's investigation." Id. Here, the Commission has not yet determined whether bases for disparate treatment and/or impact claims exist and requires the information sought in the Amended Subpoena to make its determination. The Commission is not constrained in its subpoena power only to information that is directly relevant to those allegations specifically made by the Charging Party. The Commission is uniformly afforded access to "virtually any material that might cast light on the allegations" against the employer. See EEOC v. Shell Oil

4

Co., 466 U.S. 54, 68-69 (1984) (noting with approval the trend among courts in enforcing administrative subpoenas if the material subpoenaed "touches a matter under investigation"); see Motorola v. McLain, 484 F.2d 1339, 1342 (7th Cir. 1973), cert. denied, 416 U.S. 936 (1974).

Respondent argues strenuously that a disparate impact theory is not legally viable in a situation involving a criminal background check policy. Respondent concedes that courts are divided on this issue and the Seventh Circuit has not expressed an opinion. As Magistrate Judge Schenkier stated, "We are not prepared to limit the EEOC's ability to investigate the potential disparate impact of Respondent's particular implementation of this criminal background check policy in the absence of controlling case law foreclosing that theory of discrimination." Order, p. 2. Simply put, no Respondent should be permitted to shut down a legitimate EEOC investigation based on nothing more than a belief that what it did was not illegal.

Finally, Respondent objects to the subpoena at issue by claiming that it is too broad. EEOC has asked for data reflecting the racial makeup of employees hired and then let go after a criminal background check from the date of the charge at issue to the date of the subpoena (a three and a half year period). EEOC explained that it needed a sample size large enough to do a meaningful statistical analysis and spent a great deal of wasted effort speaking to Respondent in an attempt to determine what corporate entity or group would contain enough employees for such an analysis while minimizing inconvenience to Respondent. Eventually, EEOC learned that Respondent was organized into divisions which contain enough employees to provide EEOC with a reasonable sample size. Respondent has not claimed that this information would be difficult to obtain, just that it does not wish to provide it. Respondent should be ordered to produce this information forthwith.[2]

---

[2] Respondent also argues that is should not be required to produce this information on a month by month basis because EEOC's subpoena did not request that the information be produced this way. EEOC does

5

III.   CONCLUSION

The Commission issued the Amended Subpoena in furtherance of an investigation which is clearly within the Commission's authority, the Amended Subpoena is not too indefinite, and the information sought is relevant to the matters under investigation.  Respondent's reasons for non-compliance with the Amended Subpoena are not persuasive.  For these reasons, and the reasons set forth in Magistrate Judge Schenkier's February 12, 2008 Order, the Commission respectfully requests:

A.   That an Order be issued directing Respondent to comply with the Amended Subpoena with respect to Respondent's Division 5;

B.   That the EEOC be awarded its costs in bringing this action; and

C.   That the EEOC be granted such further relief as may be necessary and appropriate.

Respectfully submitted,

___/s Diane I. Smason_____
Diane I. Smason
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois  60661
(312) 353-7526

---

not require that Respondent produce the information on a month by month basis; EEOC simply wants the data produced.

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 27, 2008, I electronically filed the foregoing **EEOC'S RESPONSE TO RESPONDENT'S OBJECTIONS TO MAGISTRATE JUDGE'S FEBRUARY 12, 2008 ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas L. Henderson
Kristy L. Gunn
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
E-mail: Thomas.Henderson@ogletreedeakins.com
       Kristy.Gunn@ogletreedeakins.com

Michael D. Ray
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
20 S. Clark St., 25th Floor
Chicago, IL 60603
E-mail: Michael.Ray@odnss.com

                                                      /s Diane I. Smason
                                                       Diane I. Smason