UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  ) ) ) | |
| Applicant, ) ) | 07 C 6672 |
| v. ) ) | Judge George M. Marovich |
| DOLGENCORP., ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a petition for an order to show cause why the amended administrative subpoena it issued to Dolgencorp. ("Dollar General") should not be enforced. The Magistrate Judge to whom the matter was referred entered an order granting the application to enforce the subpoena. Dolgencorp. timely filed objections to the Magistrate's order. For the reasons set forth below, the Court adopts the Magistrate's *Report and Recommendation* to the extent it is consistent with this opinion and orders Dolgencorp. to answer the amended subpoena on or before April 30, 2008.

**I.     Background**

Dollar General operates more than 8,000 retail stores in 35 states. It does not wish to comply with an amended subpoena issued by the EEOC. The EEOC seeks enforcement of its subpoena.

In October 2004, Regina Fields-Herring ("Fields-Herring") filed a charge of discrimination with the EEOC. In her charge, Fields-Herring stated:

> I interviewed for a position with Respondent on or about September 20, 2004. I began employment with Respondent on September 21, 2004 as a Stocker/Cashier.

>At the time I was hired, I informed Respondent that I had a felony conviction. On September 23, 2004, Respondent informed me that I was terminated because of the felony conviction.
>
>I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The charge of discrimination was drafted on the EEOC's standard charge form, and Fields-Herring declared, under penalty of perjury, that the charge was true and correct.

As part of its investigation into Fields-Herring's charge of discrimination, the EEOC issued to Dollar General a request for information. When Dollar General failed to respond, the EEOC issued a subpoena. When Dollar General filed an administrative petition to revoke the subpoena, the EEOC issued an amended subpoena, and it is the amended subpoena which is at issue here. The amended subpoena asked for the following information:

>1. Provide the **number** of employees given contingent offers of employment by Dolgencorp Inc. and DG Retail LLC, during the period of January 1, 2004 to April 1, 2007.
>
>    a. Break the number down by position title and, within position title, by race.
>
>2. Of those employees identified above, provide the **number** of employees who had their contingent offers of employment revoked as a result of a criminal background check.
>
>    a. Break the number down by position title and, within position title, by race.

(EEOC Amended Subpoena). Once again, Dollar General filed a petition to revoke the subpoena. On September 5, 2007, the EEOC denied the administrative petition to revoke the subpoena and ordered Dollar General to produce the information within ten days. Dollar General was not served with a copy of the determination until October 1, 2007.

Dollar General has yet to comply with the amended subpoena.  On November 27, 2007, the EEOC filed this petition to enforce the subpoena.  On referral, the Magistrate Judge ordered the subpoena enforced in a slightly modified version.  First, the Magistrate Judge rejected Dollar General's argument that Field-Herring's charge of discrimination was insufficient.  Second, he rejected the argument that the subpoena exceeded the EEOC's authority.  Finally, the Magistrate Judge agreed with Dollar General that the subpoena was overly broad and limited it to Dollar General's Division 5, which was the Division in which Fields-Herring had received a contingent offer of employment.

For its part, Dollar General states that it does not consider criminal convictions a bar to all employment.  It states that it makes decisions based on the nature and severity of the offense and the length of time that has passed since the conviction.  Dollar General points out that it makes a large number of contingent offers of employment each year.  For example, in the 2004 fiscal year, it made approximately 125,000 contingent offers of employment.  In the 2005 fiscal year it made 138,000 conditional offers of employment and in 2006 it made 152,000.

**II.    Standard of review**

A motion to enforce a subpoena is not always considered a dispositive motion for purposes of Federal Rule of Civil Procedure 72, which outlines the standards by which a district judge reviews orders issued by a magistrate judge.  Because the Magistrate's order would dispose of the entire matter at issue in this case, however, the order is more properly treated as a *Report and Recommendation*, subject to *de novo* review.  See *In re: Administrative Subpoena Blue Cross Blue Shield of Mass.*, 400 F. Supp.2d 386, 388-389 (D. Mass. 2005) ("Many courts have treated similar motions to enforce or quash administrative subpoenas, or the like, as

dispositive motions for purposes of review where the matter involving the subpoena constitutes the entire case before the court.") (collecting cases); *NLRB v. G. Rabine & Sons, Inc.*, Case No. 00 C 5965, 2001 WL 1772333 at *3 (N.D. Ill. Sept. 10, 2001) ("Because Judge Nolan's Report and Recommendation would be dispositive of the entire matter before the Court (that is, whether to enforce the administrative subpoenas), this Court will review the May 7 ruling *de novo*.").

### III.    Discussion

Under Title VII's administrative scheme, the EEOC has the right to conduct an investigation into charges of discrimination. The EEOC is entitled to inspect and copy "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [Title VII] and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). The EEOC also has the right to issue administrative subpoenas and have the subpoenas judicially enforced. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 63 (1984) (citing 42 U.S.C. § 2000e-9). The existence of a valid charge is a jurisdictional pre-requisite to judicial enforcement of an EEOC subpoena. *Shell*, 466 U.S. at 65.

Because the existence of a valid charge is a pre-requisite, Dollar General spends a lot of time arguing that Fields-Herring's charge was not a valid charge. The argument is simply not credible (particularly given that Dollar General already filed with the EEOC a position statement with respect to the charge). Title VII states that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). A charge will suffice if it "identifies the allegedly discriminatory act and alleges a basis for the discrimination . . . that is covered by Title VII." *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 650 (7th Cir. 2002). In this case, Fields-Herring signed, under penalty

of perjury, the standard EEOC charge form. On the form, Fields-Herring described the allegedly discriminatory act–that Dollar General terminated her employment on September 23, 2004–and the alleged basis of discrimination–her race. The charge is plainly valid.

Next, Dollar General argues that it need not comply with the subpoena because the EEOC is seeking evidence that it discriminates against individuals convicted of a crime, when that is not a protected class under Title VII. Here, Dollar General misses the boat. Fields-Herring did not allege in her charge that she was discriminated against on the basis of her prior conviction. She alleged that she was discriminated against on the basis of her race. Even if it is not unlawful to discriminate against one on the basis of a prior criminal conviction, it is certainly unlawful to terminate the employment of a black individual with a criminal conviction while not terminating the employment of a similarly-situated white individual with the same criminal record. Title VII makes disparate treatment on the basis of race unlawful.

In order for a subpoena to fall within the EEOC's power, it need only be relevant in the sense that the subpoenaed information "might throw light upon" the issues in the charge. *EEOC v. United Air Lines*, 287 F.2d at 653. By "might," courts mean "a realistic expectation rather than an ideal hope that something may be discovered." *EEOC v. United Air Lines*, 287 F.3d at 653 (quoting *United States v. Harrington*, 388 F.2d 520, 524 (2d. Cir. 1968)). Here, the EEOC is looking for the number (broken down by position and race) of employees given contingent offers of employment and the number of employees (broken down by position and race) whose contingent offers were revoked as a result of the criminal background check. This information is relevant to Fields-Herring's charge because that information could show that similarly-situated white employees were not discharged for having a similar record of conviction. Such evidence

would support Fields-Herring's charge of disparate treatment. Furthermore, the information requested by the EEOC might also show that blacks generally had their employment terminated as a result of criminal background checks more frequently than did whites. This, too, would support (though not be determinative of) Fields-Herring's charge of disparate treatment. *See Bell v. EPA*, 232 F.3d 546, 553 (7th Cir. 2000) (statistical evidence can be relevant to an individual's Title VII disparate treatment claim). The information the EEOC has requested is relevant to the charge.[1]

Finally, the Magistrate Judge narrowed the amended subpoena to cover only Dollar General's Division 5. Neither party objects to that conclusion, and Dolgencorp. does not argue that the subpoena, as narrowed by the Magistrate, would be burdensome. The Court will not upset the Magistrate's decision to narrow the amended subpoena to Division 5.

For these reasons, the Court adopts the Magistrate's *Report and Recommendation* to the extent it is consistent with this opinion. The Court hereby grants the EEOC's petition to enforce the amended subpoena and orders respondent Dolgencorp. to answer the subpoena (as limited to Division 5) on or before April 30, 2008.

---

[1] Dollar General spends a lot of time arguing that Title VII does not render unlawful a disparate impact resulting from a criminal background check policy (even though it conceded to the Magistrate Judge that there is a split of authority and that the issue has not been decided in this Circuit). This legal issue is not an issue the Court need decide now. Even if Dollar General were right, the mere fact that evidence would be relevant to a non-actionable claim does not mean the EEOC cannot obtain it where the EEOC has shown that the evidence is *also* relevant to a charge that *is* actionable.

**IV.     Conclusion**

For the reasons set forth above, the Court adopts the Magistrate's *Report and Recommendation* to the extent it is consistent with this opinion.  The Court grants the EEOC's petition to enforce the June 25, 2007 amended subpoena.  Respondent is ordered to answer the subpoena (as limited to Division 5) on or before April 30, 2008.

ENTER:

*[signature]*

George M. Marovich
United States District Judge

DATED: April 15, 2008