**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT )<br>    OPPORTUNITY COMMISSION )<br>                                                              )<br>                        Applicant,             )<br>                                                              ) Judge Marovich<br>v.                                                           ) Civil Action No. 07 C 6672<br>                                                              )<br>DOLGENCORP,                               )<br>                        Respondent.        )<br>_____) | |

**EEOC'S RESPONSE TO RESPONDENT'S EMERGENCY MOTION
FOR STAY PENDING APPEAL**

Applicant the Equal Employment Opportunity Commission (the "Commission" or "EEOC") submits this Response to Respondent's Emergency Motion for Stay Pending Appeal. In the course of its investigation, the EEOC issued a subpoena seeking information relating to the number of employees to whom Respondent made contingent offers of employment. Respondent to date has refused to produce the requested information, and that refusal has delayed and hampered the investigation into this charge. The EEOC therefore applied for an Order to Show Cause Why the Subpoena Should Not be Enforced. On February 12, 2008, Magistrate Judge Shenkier granted EEOC's Application, and on April 15, 2008, the District Court adopted the Magistrate Judge's Report and Recommendation, ordering Respondent to comply with EEOC's subpoena on or before April 30, 2008. On April 25, 2008, Respondent filed this Emergency Motion. Because Dolgencorp cannot meet the requirements for a stay, this Court should deny this motion and order Dolgencorp to produce the information it has so long delayed producing.

**STANDARD OF REVIEW**

Dolgencorp correctly sets out the issues to be considered by courts when determining

whether to grant a stay pending appeal under Fed. R. Civ. Pro. 62(c): (1) the applicant's likelihood of success on appeal; (2) whether the applicant will be irreparably harmed if a stay is not granted; (3) whether the issuance of a stay would cause substantial injury to other parties interested in the lawsuit; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  Dolgencorp's motion fails under each of these criteria.

**I.      DOLGENCORP IS NOT LIKELY TO SUCCEED ON THE MERITS ON APPEAL**

Dolgencorp has presented no argument as to why it is likely to convince a court of appeals on the merits of its arguments when it has been unsuccessful in convincing a magistrate judge and a district court.  Because Dolgencorp does not cite to new evidence or new case law to make its case, EEOC will not repeat its own arguments or the opinion of this Court again on this issue.

**II.     PRODUCTION OF THE SUBPOENAED INFORMATION WILL NOT CAUSE IRREPARABLE HARM TO DOLGENCORP**

Here, Dolgencorp makes two arguments.  First, Dolgencorp claims that it will be harmed because production of the information will allow EEOC to continue "an unlawful investigation." But this Court has already ruled that EEOC's investigation here is not unlawful and, as argued above, Dolgencorp has little likelihood of convincing a court of appeals otherwise.  Dolgencorp also cites to a single case from the District of Wisconsin for the proposition that it will be harmed if forced to produce the information because its appeal would then become "merely academic," citing EEOC v. Quad/Graphics, Inc., 875 F. Supp. 558, 560 (E.D. Wis. 1995).  But Dolgencorp is incorrect.  If Dolgencorp complies with EEOC's subpoena and loses its appeal, it will suffer no harm.  If Dolgencorp wins its appeal, EEOC will destroy the data and all evidence obtained from the data.

This is precisely the result obtained in EEOC v. Optical Cable Corp., 1998 WL 236930

(W.D. Va. May 1, 1998) (attached hereto).  In a case remarkably similar to the case at bar, the respondent in Optical Cable cited to Quad/Graphics and argued that if it turned over the data requested by EEOC, it would lose its right to appeal because the issue would be moot.  Id. at *2.  The Optical Cable court was unpersuaded by Quad/Graphics and instead found the Supreme Court analysis in Church of Scientology of California v. U.S., 506 U.S. 9 (1992), to be controlling on this issue.  In Church of Scientology, a district court ordered a state court clerk to comply with a summons issued by the IRS.  The Church of Scientology appealed the summons and requested a stay of the enforcement order.  The stay was denied, and the Church turned over the data while the appeal was pending.  The Court of Appeals then dismissed the appeal as moot.  The Supreme Court reversed, holding that compliance with the order did not render the appeal moot.  The Court reasoned that although the Court of Appeals could not return the parties to their prior positions, it could "effectual a partial remedy by ordering the government to destroy or return any and all copies of the [data]."  Agreeing with the Supreme Court's reasoning, the Optical Cable court held, "It cannot be said with certainty that respondent will be irreparably injured by complying with the Court's subpoena enforcement order."  1998 WL at *3.  Similarly, if Dolgencorp wins its appeal, EEOC will simply destroy any evidence it obtains from the use of the subpoenaed data.

### III.    A STAY WILL CAUSE SUBSTANTIAL HARM TO EEOC AND CHARGING PARTY AND IS NOT IN THE PUBLIC INTEREST

Dolgencorp argues that a stay will not harm EEOC because it would result only in a delay and it will conserve the parties' resources in the event that the Court of Appeals rules in favor of Dolgencorp.  But the delay is precisely the harm here.  EEOC's investigation of this charge has

been effectively halted by Dolgencorp already for over a year,[1] and now Dolgencorp seeks an additional delay. As in Optical Cable, a delay may not severely prejudice either party, but weighing the interests of both sides requires a finding for EEOC on this prong. "This decision is based, in part, on the important government policy in the expeditious investigation of possible unlawful activity and the need for speedy investigation of EEOC charges of employment discrimination." 1998 WL at *3. This "strong governmental interest in curbing possible discrimination" is also the reason why a stay is not in the public interest here. Id.

## CONCLUSION

For the reasons stated above, this Court's Order should not be stayed.

Respectfully submitted,

\_\_\_/s Jeanne B. Szromba_____
Jeanne B. Szromba
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois  60661
(312) 353-7546

---

[1] EEOC first issued a request for this type of information in March 2007.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2008, I electronically filed the foregoing **EEOC'S RESPONSE TO RESPONDENT'S EMERGENCY MOTION TO STAY PENDING APPEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas L. Henderson
Kristy L. Gunn
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
6410 Poplar Avenue, Suite 300
Memphis, TN 38119
E-mail: Thomas.Henderson@ogletreedeakins.com
          Kristy.Gunn@ogletreedeakins.com

Michael D. Ray
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
20 S. Clark St., 25th Floor
Chicago, IL 60603
E-mail: Michael.Ray@odnss.com


                                           /s Jeanne B. Szromba
                                          Jeanne B. Szromba

Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1998 WL 236930 (W.D.Va.), 76 Fair Empl.Prac.Cas. (BNA) 1552
**(Cite as: 1998 WL 236930 (W.D.Va.))**

United States District Court, W.D. Virginia.
Equal Employment Opportunity Commission, Applicant,
v.
OPTICAL CABLE CORPORATION, Respondent.
**No. CIV.A. 98-MC-02-R.**

May 1, 1998.

Victor M. Lawrence, Equal Employment Opportunity Commission, Baltimore District Office, Arlene T. Shadoan, EEOC, Baltimore, MD, for Equal Employment Opportunity Commission, petitioners.

Claude Marshall Lauck, Glenn, Feldman, Darby & Goodlatte, Roanoke, for Optical Cable Corporation, respondents.

MEMORANDUM OPINION

TURK, District J.

**\*1** This matter is before the Court on respondent Optical Cable Corporation's motion to stay this Court's March 9, 1998, order directing respondent to comply with subpoenas issued by applicant, the Equal Employment Opportunity Commission ("EEOC"), for the production of documents and for the attendance of witnesses. Respondent has appealed the Court's order to the Fourth Circuit, and requests that the Court grant its motion to stay pending the resolution of its appeal. The parties appeared before the Court on April 28, 1998. After a review of the record, the arguments presented and the applicable law, the Court will deny respondent's motion to stay.

II. BACKGROUND

On June 23, 1997, the EEOC issued subpoenas against respondent, stemming from charges of discrimination filed with the EEOC by Mr. Douglas A. Bonds, a former employee of respondent. In that matter, Mr. Bonds raised charges of discrimination in his training and subsequent termination by respondent. An ensuing investigation by the EEOC of the Bonds matter raised additional issues of discriminatory recruitment and hiring practices by respondent. The EEOC sought to expand the scope of Mr. Bonds' original charge to include these new concerns, and obtained subpoenas for material pertaining to respondent's recruitment and hiring practices. The respondent objected to the subpoenas, and refused to turn over the sought after information, on the grounds that the materials requested were not covered by Mr. Bonds' original EEOC charge, and that the EEOC did not have the power to unilaterally expand a charge in this manner.

On March 4, 1998, the EEOC brought this matter before the Court on a motion to enforce its subpoenas against defendant. In an order entered on March 9, 1998, the Court granted the EEOC's motion, and held that it was within the EEOC's power to expand an EEOC charge in this manner, pursuant to the United States Supreme Court's holding in *EEOC v. Shell Oil Co.,* 466 U.S. 54, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984), and the Fourth Circuit's decisions in *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110 (4th Cir.1997), and *EEOC v. General Electric Co.,* 532 F.2d 359 (4th Cir.1976). The Court gave respondent sixty days to comply with the subpoenas. Respondent subsequently appealed the Court's order to the Fourth Circuit, and filed the present motion to stay pending its appeal.

III. ANALYSIS

Respondent requests the Court to grant its motion to stay the Court's March 9, 1998, order enforcing the EEOC's subpoenas. In determining the merits of a motion to stay, the Court must consider the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). These factors must be applied on the particular circum-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case 1:07-cv-06672    Document 50    Filed 04/30/2008    Page 7 of 8

Not Reported in F.Supp.
Not Reported in F.Supp., 1998 WL 236930 (W.D.Va.), 76 Fair Empl.Prac.Cas. (BNA) 1552
**(Cite as: 1998 WL 236930 (W.D.Va.))**

Page 2

stances of each case. *Id.*

**\*2** After considering these factors and the record before the Court, the Court does not find that respondent is entitled to a stay. With respect to the first *Hilton* prong, the Court does not find that respondent has a likely chance of succeeding on the merits of the case. It is respondent's contention that the Court was in error to enforce the EEOC's subpoenas because the EEOC is without the power to unilaterally expand the scope of a pending EEOC charge to include matters not raised in the original charge under the circumstances of this case.

As the Court discussed in its March 9 order, the proper test in determining whether the EEOC may expand the scope of a pending charge to include matters not raised in the original charge, is whether the new charge reasonably grew out of the investigation of the initial charge. *General Electric,* 532 F.2d at 368. This Court found that the EEOC's expanded charges of discriminatory recuitment and hiring practices reasonably grew out of Mr. Bonds' discriminatory training and termination charge. The Court's finding on this matter has not changed. In investigating an employee's discriminatory termination and training claim, it is neither unreasonable, nor unlikely, to come across matters relating to an employer's recruitment and hiring practices. Moreover, the EEOC complied with the United States Supreme Court's directive in *Shell Oil* to provide respondent with the date, place, and time of the suspected discriminatory recruitment and hiring practices.

Although the Court recognizes that the Fourth Circuit may view this case differently, the relevant law and the facts of this case lean so strongly in the EEOC's favor that it cannot reasonably be said that respondent has a "substantial case on the merits" as respondent suggests. *Hilton,* 481 U.S. at 778. Accordingly, the Court does not find that respondent has stated facts sufficient to meet the first *Hilton* prong.

With respect to the second *Hilton* prong, the Court does not find that respondent will be irreparably injured absent a stay. Respondent argues that if it defies the Court's order to turn over the requested material, it will face contempt of court charges. If it turns over the requested material, respondent argues that it will lose its right to appeal, because the issue will be moot. Respondent cites *EEOC v. Quad/Graphics, Inc.,* 875 F.Supp. 558 (E.D.Wisc.1995), and *EEOC v. St. Regis Paper Co.-Kraft Div.,* 717 F.2d 1302, 1303 (9th Cir.1983) as support for its claim. In *Quad/Graphics Inc.,* the court was faced with a situation similar to the case at hand. In deciding to grant in favor of the stay applicant in that case, the court found that the stay applicant would be irreparably harmed if it did not grant the stay because its appeal would be rendered moot in the absence of a stay. *Quad Graphics, Inc.,* 875 F.Supp. at 560. In *St. Regis Paper Co.-Kraft Div.* the employer in that case was ordered to comply with EEOC subpoenas. The employer complied with the subpoenas pending appeal, however, the employer's case was dismssed by the appellate court on grounds of mootness. *Id.* at 1303.

**\*3** The Court is unpersuaded by the aformentioned cases. Instead, the Court is of the opinion that the United States Supreme Court's decision in *Church of Scientology of California v. U.S.,* 506 U.S. 9, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992), controls this prong of *Hilton.* In *Church of Scientology,* a district court ordered a state court clerk to comply with a summons issued by the Internal Revenue Sevice. The summons requested production of certain tapes by officials of the Church of Scientology and their attorneys. The Church appealed this summons, and requested a stay of the district court summons enforcement order. Although the stay was denied, the Church turned over the tapes while the appeal was pending. The Court of Appeals dismissed the case as moot on the grounds that the material had already been turned over. The Supreme Court reversed, holding that compliance with the summons enforcment order did not render the Church's case moot. The Supreme Court reasoned that although the Court of Appeals could not return the parties to

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

their prior positions, it could "effectuate a partial remedy by ordering the government to destroy or return any and all copies of the tapes in its possession."

Given the holding in *Church of Scientology,* it does necessarily follow that respondent's appeal will be rendered moot by the Fourth Circuit if it turns over the requested material to the EEOC. As in *Church of Scientology,* the Fourth Circuit could order the EEOC to return the subpoenaed material, and to destroy all evidence obtained from the subpoenaed material. Accordingly, it cannot be said with certainty that respondent will be irreparably injured by complying with the Court's subpoena enforcement order.

The Court does not find that respondent can satisfy the remaining *Hilton* prongs either because it cannot show that the stay will injure other interested parties or that the stay is in the public's interest. Respondent argues that the EEOC will not be harmed by the delay caused by a stay because, among other reasons, the EEOC could have brought a Commission charge against respondent at any time but did not, and that the EEOC was not willing to meet with respondent to discuss its concerns over possible employment violations.

The Court does not agree with respondent's argument. Although the degree of harm caused by the additional delay resulting from a stay may not be that prejudicial to either party, the Court finds that after weighing the parties' considerations and considering the interests of judicial efficiency, the Court is required to find in the EEOC's favor on this prong. This decision is based, in part, on the important government policy in the expeditious investigation of possible unlawful actvity and the need for speedy investigation of EEOC charges of employment discrimination. *See Federal Maritime Comm'n v. Port of Seattle,* 521 F.2d 431, 433 (9th Cir.1975) and *St. Regis Paper Co.,* 717 F.2d at 1304. Finally, with respect to the last *Hilton* prong, the Court does not fnd that a stay is in the public interest because of the strong governmental interest in curbing possible discrimination.

**\*4** For the foregoing reasons, the Court will deny respondent's motion to stay. Although the Court finds that this is an academic matter, respondent is hereby granted an additional fifteen (15) days to comply with the Court's March 9 subpoena enforcement order. An order consistent with this memorandum opinion shall enter this day.

The Clerk of Court is directed to send certified copies of this memorandum opinion and accompanying order to counsel of record for the parties.

Not Reported in F.Supp., 1998 WL 236930 (W.D.Va.), 76 Fair Empl.Prac.Cas. (BNA) 1552

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.