IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOLGENCORP, ) | |
| ) | |
| Appellant/Respondent, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:07-cv-06672 |
| EQUAL EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION, ) | |
| ) | |
| Appellee/Applicant. ) | |

---

**DOLGENCORP'S NOTICE OF APPEAL**

---

Pursuant to Fed. R. App. Pro. 3, Dolgencorp hereby files this Notice of Appeal. Dolgencorp is appealing, to the Seventh Circuit Court of Appeals, this Court's Order of April 15, 2008 (Docket Entry # 45 (Order), # 46 (Memorandum Opinion) wherein the Court ordered Dolgencorp to produce information to the Equal Employment Opportunity Commission.

Respectfully Submitted,

By: s/Thomas L. Henderson
Thomas L. Henderson (TN Bar No. 11526)
Kristy L. Gunn (TN Bar No. 22821)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
6410 Poplar Avenue, Ste. 300
Memphis, Tennessee 38119
Telephone: (901)767-6160
Email: Thomas.Henderson@ogletreedeakins.com
Email: Kristy.Gunn@ogletreedeakins.com

1

>Michael D. Ray
>OGLETREE, DEAKINS, NASH
>SMOAK & STEWART
>20 South Clark Street, 25th Floor
>Chicago, IL 60603
>Telephone: 312-558-1220
>Fax: 312-807-3619
>Email: michael.ray@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

>Jeanne Szromba
>Diane Smason
>John Hendrickson
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>500 West Madison Street
>Suite 2800
>Chicago, Illinois 60661
>
>AUSA
>219 South Dearborn Street
>Suite 500
>Chicago, IL 60604

>_s/Thomas L. Henderson

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 07cv6672

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| U.S. Equal Employment Opportunity Commission (Appellee) | | Dolgencorp (Appellant) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Jeanne B. Szromba | Name | Thomas L. Henderson |
| Firm | U.S. Equal Employment Opp | Firm | Lewis Fisher Henderson Claxton & Mulroy |
| Address | 500 West madison Street Suite 2800 Chicago, IL 60661 | Address | 6410 Poplar Ave. Suite 300 Memphis, TN 38119 |
| Phone | (312) 353-7546 | Phone | (901) 767-6160 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Marovich | Date Filed in District Court | 11/27/07 |
| Court Reporter | B. Wilson (ext 5885) | Date of Judgment | 4/16/08 |
| Nature of Suit Code | 999 | Date of Notice of Appeal | 5/6/08 |

COUNSEL:   Appointed [ ]     Retained [X]     Pro Se [ ]

FEE STATUS:   Paid [X]     Due [ ]     IFP [ ]

IFP Pending [ ]     U.S. [ ]     Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [X]   No [ ]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]     Denied [ ]     Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | | Name | |
| Firm | | Firm | |
| Address | | Address | |
| Phone | | Phone | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOLGENCORP, ) | |
| ) | |
|     Appellant/Respondent, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:07-cv-06672 |
| EQUAL EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION, ) | |
| ) | |
|     Appellee/Applicant. ) | |

---

**DOLGENCORP'S DOCKETING STATEMENT**

---

Pursuant to Seventh Circuit Court Rules 3(c)(1) and 28(a) Dolgencorp hereby files this Docketing Statement and states as follows:

(1) The District Court has federal question jurisdiction over this matter, as this matter arises under 42 U.S.C. § 2000e-8(a).

(2) Appellate jurisdiction is conferred on the Seventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1291.

(3) The date of entry of the judgment and decree sought to be reviewed is April 15, 2008.

(4) The Notice of Appeal was filed on May 6, 2008.

Respectfully Submitted,

By: s/Thomas L. Henderson
Thomas L. Henderson (TN Bar No. 11526)
Kristy L. Gunn (TN Bar No. 22821)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

1

          6410 Poplar Avenue, Ste. 300
          Memphis, Tennessee 38119
          Telephone: (901)767-6160
          Email: Thomas.Henderson@ogletreedeakins.com
          Email: Kristy.Gunn@ogletreedeakins.com

          Michael D. Ray
          OGLETREE, DEAKINS, NASH
          SMOAK & STEWART
          20 South Clark Street, 25th Floor
          Chicago, IL 60603
          Telephone: 312-558-1220
          Fax: 312-807-3619
          Email: michael.ray@odnss.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 6th day of May, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

      Jeanne Szromba
      Diane Smason
      John Hendrickson
      EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
      500 West Madison Street
      Suite 2800
      Chicago, Illinois 60661

      AUSA
      219 South Dearborn Street
      Suite 500
      Chicago, IL 60604


         _s/Thomas L. Henderson

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6672 | **DATE** | 4/15/2008 |
| **CASE TITLE** | U.S. Equal Employment Opportunity Commission vs. Dolgencorp. | | |

**DOCKET ENTRY TEXT**

Enter Memorandum Opinion and Order. The Court adopts the Magistrate's Report and Recommendation to the extent it is consistent with this opinion. The Court grants applicant EEOC's petition to enforce the June 25, 2007 amended subpoena [1]. Respondent is ordered to answer the subpoena (as limited to Division 5) on or before April 30, 2008.

■ [ For further detail see separate order(s).]

Docketing to mail notices.
*Copy to judge/magistrate judge.

| | Courtroom Deputy Initials: | CW |
|---|---|---|

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,     Applicant, v. DOLGENCORP.,     Respondent. | ) ) ) ) ) )   07 C 6672 ) ) ) Judge George M. Marovich ) ) ) |

## MEMORANDUM OPINION AND ORDER

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a petition for an order to show cause why the amended administrative subpoena it issued to Dolgencorp. ("Dollar General") should not be enforced. The Magistrate Judge to whom the matter was referred entered an order granting the application to enforce the subpoena. Dolgencorp. timely filed objections to the Magistrate's order. For the reasons set forth below, the Court adopts the Magistrate's *Report and Recommendation* to the extent it is consistent with this opinion and orders Dolgencorp. to answer the amended subpoena on or before April 30, 2008.

**I.   Background**

Dollar General operates more than 8,000 retail stores in 35 states. It does not wish to comply with an amended subpoena issued by the EEOC. The EEOC seeks enforcement of its subpoena.

In October 2004, Regina Fields-Herring ("Fields-Herring") filed a charge of discrimination with the EEOC. In her charge, Fields-Herring stated:

> I interviewed for a position with Respondent on or about September 20, 2004. I began employment with Respondent on September 21, 2004 as a Stocker/Cashier.

> At the time I was hired, I informed Respondent that I had a felony conviction. On September 23, 2004, Respondent informed me that I was terminated because of the felony conviction.
>
> I believe I have been discriminated against because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The charge of discrimination was drafted on the EEOC's standard charge form, and Fields-Herring declared, under penalty of perjury, that the charge was true and correct.

As part of its investigation into Fields-Herring's charge of discrimination, the EEOC issued to Dollar General a request for information. When Dollar General failed to respond, the EEOC issued a subpoena. When Dollar General filed an administrative petition to revoke the subpoena, the EEOC issued an amended subpoena, and it is the amended subpoena which is at issue here. The amended subpoena asked for the following information:

1. Provide the **number** of employees given contingent offers of employment by Dolgencorp Inc. and DG Retail LLC, during the period of January 1, 2004 to April 1, 2007.

    a. Break the number down by position title and, within position title, by race.

2. Of those employees identified above, provide the **number** of employees who had their contingent offers of employment revoked as a result of a criminal background check.

    a. Break the number down by position title and, within position title, by race.

(EEOC Amended Subpoena). Once again, Dollar General filed a petition to revoke the subpoena. On September 5, 2007, the EEOC denied the administrative petition to revoke the subpoena and ordered Dollar General to produce the information within ten days. Dollar General was not served with a copy of the determination until October 1, 2007.

Dollar General has yet to comply with the amended subpoena. On November 27, 2007, the EEOC filed this petition to enforce the subpoena. On referral, the Magistrate Judge ordered the subpoena enforced in a slightly modified version. First, the Magistrate Judge rejected Dollar General's argument that Field-Herring's charge of discrimination was insufficient. Second, he rejected the argument that the subpoena exceeded the EEOC's authority. Finally, the Magistrate Judge agreed with Dollar General that the subpoena was overly broad and limited it to Dollar General's Division 5, which was the Division in which Fields-Herring had received a contingent offer of employment.

For its part, Dollar General states that it does not consider criminal convictions a bar to all employment. It states that it makes decisions based on the nature and severity of the offense and the length of time that has passed since the conviction. Dollar General points out that it makes a large number of contingent offers of employment each year. For example, in the 2004 fiscal year, it made approximately 125,000 contingent offers of employment. In the 2005 fiscal year it made 138,000 conditional offers of employment and in 2006 it made 152,000.

## II. Standard of review

A motion to enforce a subpoena is not always considered a dispositive motion for purposes of Federal Rule of Civil Procedure 72, which outlines the standards by which a district judge reviews orders issued by a magistrate judge. Because the Magistrate's order would dispose of the entire matter at issue in this case, however, the order is more properly treated as a *Report and Recommendation*, subject to *de novo* review. *See In re: Administrative Subpoena Blue Cross Blue Shield of Mass.*, 400 F. Supp.2d 386, 388-389 (D. Mass. 2005) ("Many courts have treated similar motions to enforce or quash administrative subpoenas, or the like, as

dispositive motions for purposes of review where the matter involving the subpoena constitutes the entire case before the court.") (collecting cases); *NLRB v. G. Rabine & Sons, Inc.*, Case No. 00 C 5965, 2001 WL 1772333 at *3 (N.D. Ill. Sept. 10, 2001) ("Because Judge Nolan's Report and Recommendation would be dispositive of the entire matter before the Court (that is, whether to enforce the administrative subpoenas), this Court will review the May 7 ruling *de novo*.").

### III.  Discussion

Under Title VII's administrative scheme, the EEOC has the right to conduct an investigation into charges of discrimination. The EEOC is entitled to inspect and copy "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [Title VII] and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). The EEOC also has the right to issue administrative subpoenas and have the subpoenas judicially enforced. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 63 (1984) (citing 42 U.S.C. § 2000e-9). The existence of a valid charge is a jurisdictional pre-requisite to judicial enforcement of an EEOC subpoena. *Shell*, 466 U.S. at 65.

Because the existence of a valid charge is a pre-requisite, Dollar General spends a lot of time arguing that Fields-Herring's charge was not a valid charge. The argument is simply not credible (particularly given that Dollar General already filed with the EEOC a position statement with respect to the charge). Title VII states that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. § 2000e-5(b). A charge will suffice if it "identifies the allegedly discriminatory act and alleges a basis for the discrimination . . . that is covered by Title VII." *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 650 (7th Cir. 2002). In this case, Fields-Herring signed, under penalty

of perjury, the standard EEOC charge form. On the form, Fields-Herring described the allegedly discriminatory act–that Dollar General terminated her employment on September 23, 2004–and the alleged basis of discrimination–her race. The charge is plainly valid.

Next, Dollar General argues that it need not comply with the subpoena because the EEOC is seeking evidence that it discriminates against individuals convicted of a crime, when that is not a protected class under Title VII. Here, Dollar General misses the boat. Fields-Herring did not allege in her charge that she was discriminated against on the basis of her prior conviction. She alleged that she was discriminated against on the basis of her race. Even if it is not unlawful to discriminate against one on the basis of a prior criminal conviction, it is certainly unlawful to terminate the employment of a black individual with a criminal conviction while not terminating the employment of a similarly-situated white individual with the same criminal record. Title VII makes disparate treatment on the basis of race unlawful.

In order for a subpoena to fall within the EEOC's power, it need only be relevant in the sense that the subpoenaed information "might throw light upon" the issues in the charge. *EEOC v. United Air Lines*, 287 F.2d at 653. By "might," courts mean "a realistic expectation rather than an ideal hope that something may be discovered." *EEOC v. United Air Lines*, 287 F.3d at 653 (quoting *United States v. Harrington*, 388 F.2d 520, 524 (2d. Cir. 1968)). Here, the EEOC is looking for the number (broken down by position and race) of employees given contingent offers of employment and the number of employees (broken down by position and race) whose contingent offers were revoked as a result of the criminal background check. This information is relevant to Fields-Herring's charge because that information could show that similarly-situated white employees were not discharged for having a similar record of conviction. Such evidence

would support Fields-Herring's charge of disparate treatment. Furthermore, the information requested by the EEOC might also show that blacks generally had their employment terminated as a result of criminal background checks more frequently than did whites. This, too, would support (though not be determinative of) Fields-Herring's charge of disparate treatment. *See Bell v. EPA*, 232 F.3d 546, 553 (7th Cir. 2000) (statistical evidence can be relevant to an individual's Title VII disparate treatment claim). The information the EEOC has requested is relevant to the charge.[1]

Finally, the Magistrate Judge narrowed the amended subpoena to cover only Dollar General's Division 5. Neither party objects to that conclusion, and Dolgencorp. does not argue that the subpoena, as narrowed by the Magistrate, would be burdensome. The Court will not upset the Magistrate's decision to narrow the amended subpoena to Division 5.

For these reasons, the Court adopts the Magistrate's *Report and Recommendation* to the extent it is consistent with this opinion. The Court hereby grants the EEOC's petition to enforce the amended subpoena and orders respondent Dolgencorp. to answer the subpoena (as limited to Division 5) on or before April 30, 2008.

---

[1] Dollar General spends a lot of time arguing that Title VII does not render unlawful a disparate impact resulting from a criminal background check policy (even though it conceded to the Magistrate Judge that there is a split of authority and that the issue has not been decided in this Circuit). This legal issue is not an issue the Court need decide now. Even if Dollar General were right, the mere fact that evidence would be relevant to a non-actionable claim does not mean the EEOC cannot obtain it where the EEOC has shown that the evidence is *also* relevant to a charge that *is* actionable.

## IV. Conclusion

For the reasons set forth above, the Court adopts the Magistrate's *Report and Recommendation* to the extent it is consistent with this opinion.  The Court grants the EEOC's petition to enforce the June 25, 2007 amended subpoena.  Respondent is ordered to answer the subpoena (as limited to Division 5) on or before April 30, 2008.

        ENTER:

        */s/ George M. Marovich*

        George M. Marovich
        United States District Judge

DATED: April 15, 2008

APPEAL, SCHENKIER

# United States District Court
## Northern District of Illinois − CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07−cv−06672
*Internal Use Only*

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission v. Dolgencorp | Date Filed: 11/27/2007 |
| Assigned to: Honorable George M. Marovich | Jury Demand: Plaintiff |
| Cause: Civil Miscellaneous Case | Nature of Suit: 999 Miscellaneous Cases |
| | Jurisdiction: U.S. Government Plaintiff |

**Petitioner**

**U.S. Equal Employment Opportunity Commission**    represented by    **Jeanne B. Szromba**
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661
(312) 353−7546
Email: jeanne.szromba@eeoc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**AUSA**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353−5300
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Diane Ilene Smason**
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661
(312) 353−7526
Email: diane.smason@eeoc.gov
*ATTORNEY TO BE NOTICED*

**John C. Hendrickson**
United States Equal Employment Opportunity Commission
500 West Madison Street
Suite 2800
Chicago, IL 60661
(312) 353−8551
Fax: (312) 353−8555
Email: john.hendrickson@eeoc.gov
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Dolgencorp**    represented by    **Thomas L. Henderson**
Lewis Fisher Henderson Claxton &Mulroy LLP
6410 Poplar Avenue
Suite 300
Memphis, TN 38119

(901)767−6160  
Email:  
thomas.henderson@ogletreedeakins.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Kristy L. Gunn**  
Ogletree Deakins Nash Smoak &Stewart PC  
6410 Poplar Avenue  
Suite 300  
Memphis, TN 38119  
901 767 6160  
Email: kristy.gunn@ogletreedeakins.com  
*ATTORNEY TO BE NOTICED*

**Michael D. Ray**  
Ogletree, Deakins, Nash, Smoak &Stewart, P.C.  
Two First National Plaza  
20 S. Clark Street  
25th Floor  
Chicago, IL 60603  
(312)558−1256  
Email: michael.ray@ogletreedeakins.com  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/27/2007 | 1 | APPLICATION by Petitioner U.S. Equal Employment Opportunity Commission for an order to show cause why subpoenas should not be enforced. (gmr, ) (Entered: 11/28/2007) |
| 11/27/2007 | 2 | MEMORANDUM by U.S. Equal Employment Opportunity Commission in support of application for order to show cause 1 . (gmr, ) (Entered: 11/28/2007) |
| 11/27/2007 | 3 | DECLARATION of Sarronda Harris by U.S. Equal Employment Opportunity Commission. (gmr, ) (Entered: 11/28/2007) |
| 11/27/2007 | 4 | CIVIL Cover Sheet. (gmr, ) (Entered: 11/28/2007) |
| 11/27/2007 | 5 | ATTORNEY Appearance for Petitioner U.S. Equal Employment Opportunity Commission by Jeanne B. Szromba. (gmr, ) (Entered: 11/28/2007) |
| 11/27/2007 | 6 | ATTORNEY Appearance for Petitioner U.S. Equal Employment Opportunity Commission by John C. Hendrickson. (gmr, ) (Entered: 11/28/2007) |
| 11/27/2007 | 7 | ATTORNEY Appearance for Petitioner U.S. Equal Employment Opportunity Commission by Diane Ilene Smason. (gmr, ) (Entered: 11/28/2007) |
| 11/27/2007 |  | (Court only) ***Miscellaneous Case Terminated. (gmr, ) (Entered: 11/28/2007) |
| 12/10/2007 | 8 | EXECUTIVE COMMITTEE ORDER: Case referred to magistrate judge Sidney I. Schenkier. Signed by Judge James F. Holderman on 12/10/07. (gcy, ) (Entered: 12/17/2007) |
| 12/19/2007 | 9 | MINUTE entry before Judge Sidney I. Schenkier : In Court hearing for plaintiff's application for for an order to show cause why subpoenas should not be enforced is set for 2/4/2008 at 09:00 AM. Mailed notice (mmm, ) (Entered: 12/19/2007) |
| 12/19/2007 | 10 | MINUTE entry before Judge Sidney I. Schenkier : In Court hearing for plaintiff's application for for an order to show cause why subpoenas should not be enforced is reset for 2/5/2008 at 09:00 AM. Mailed notice (mmm, ) (Entered: 12/19/2007) |
| 01/16/2008 | 11 | ATTORNEY Appearance for Respondent Dolgencorp by Michael D. Ray (Ray, Michael) (Entered: 01/16/2008) |

| 01/16/2008 | 12 | RESPONSE by Respondent Dolgencorp to motion for order to show cause 1 (Attachments: # 1 Exhibit One)(Ray, Michael) (Entered: 01/16/2008) |
|---|---|---|
| 01/16/2008 | 13 | MOTION by Respondent Dolgencorp to file instanter *brief in excess of 15 pages* (Ray, Michael) (Entered: 01/16/2008) |
| 01/16/2008 | 14 | NOTICE of Motion by Michael D. Ray for presentment of motion to file instanter 13 before Honorable Sidney I. Schenkier on 1/24/2008 at 08:30 AM. (Ray, Michael) (Entered: 01/16/2008) |
| 01/16/2008 | 15 | MOTION by Respondent Dolgencorp to seal document (Ray, Michael) (Entered: 01/16/2008) |
| 01/16/2008 | 16 | NOTICE of Motion by Michael D. Ray for presentment of motion to seal document 15 before Honorable Sidney I. Schenkier on 1/24/2008 at 08:30 AM. (Ray, Michael) (Entered: 01/16/2008) |
| 01/17/2008 | 17 | *Corrected/Amended* NOTICE of Motion by Michael D. Ray for presentment of motion to seal document 15 before Honorable Sidney I. Schenkier on 1/24/2008 at 08:30 AM. (Ray, Michael) (Entered: 01/17/2008) |
| 01/17/2008 | 18 | MINUTE entry before Judge Sidney I. Schenkier : Defendant's motion to file an oversized brief instanter 13 is granted without objection. Telephone notice (mmm, ) (Entered: 01/17/2008) |
| 01/22/2008 | 19 | MINUTE entry before Judge Sidney I. Schenkier : Telephone status conference held. Respondent's motion for leave to file a brief in excess of 15 pages (doc. # 13) is unopposed, and is GRANTED; no appearance on the motion is required. With respect to respondent's motion to seal a document (doc. # 15), respondent is directed to serve a copy of the document in question on applicant EEOC and to deliver a copy to the Court by 01/22/08. Applicant shall inform the Court by noon on 01/23/08 whether it has any opposition to the motion. Pending ruling by the Court on the motion, the EEOC shall treat the document as non−public and confidential. The 02/25/08 hearing date for the EEOC's motion to compel enforcement of subpoena (doc. # 1) remains in effect. Telephone notice (mmm, ) Modified on 1/23/2008 (mmm, ). (Entered: 01/22/2008) |
| 01/22/2008 | 20 | MINUTE entry before Judge Sidney I. Schenkier : The minute order of 1/22/08 is corrected to show the 2/25/08 hearing date for the EEOC's motion to compel enforcement of subpoena (doc. # 1) remains in effect is actually set for 2/5/08 at 9:00 a.m. (mmm, ) (Entered: 01/22/2008) |
| 01/24/2008 | 21 | MINUTE entry before Judge Sidney I. Schenkier : Motion hearing held. Defendant's motion to file declaration under seal (doc. #15) is withdrawn in part and granted in part. The motion is withdrawn as to the Freeland declaration, and the Cook declaration. By agreement, the motion is granted as to the position statement of Exhibit A, Exhibit G, and as to redacting the social security number in Exhibit F. The motion is granted as to the personal information in Exhibit C, paragraph 6 of the Hammond−Loft declaration (excluding the first sentence), and as to Exhibits A and B of the Hammond−Loft declaration. The defendant is given leave to file the declarations underseal, with the declarations also to be filed in the public record with the underseal portions redacted. Mailed notice (mmm, ) (Entered: 01/24/2008) |
| 01/29/2008 | 22 | DECLARATION of Cook regarding Response 12 by Dolgencorp *redacted version (1 of 2)* (Ray, Michael) (Entered: 01/29/2008) |
| 01/29/2008 | 23 | DECLARATION of Cook regarding Response 12 by Dolgencorp *redacted version (2 of 2)* (Ray, Michael) (Entered: 01/29/2008) |
| 01/29/2008 | 24 | DECLARATION of Freeland regarding Response 12 by Dolgencorp *redacted version* (Ray, Michael) (Entered: 01/29/2008) |
| 01/29/2008 | 25 | DECLARATION of Hammond−Loth regarding Response 12 by Dolgencorp *redacted version* (Ray, Michael) (Entered: 01/29/2008) |
| 01/29/2008 | 26 | NOTICE by Dolgencorp re declaration 24 , declaration 25 , declaration 22 , declaration 23 (Ray, Michael) (Entered: 01/29/2008) |

| | | |
|---|---|---|
| 01/29/2008 | 27 | DECLARATIONS (1) Cook Declaration (Parts 1 and 2); (2) Freeland declaration (3) Hammond−Loth declaration (RESTRICTED). (gcy, ) (Entered: 01/30/2008) |
| 02/05/2008 | 28 | MINUTE entry before Judge Sidney I. Schenkier: Status hearing held on 2/5/2008. Telephonic status hearing set for 2/12/2008 at 10:00 A.M. The parties are directed to call chambers at 10:00 a.m. Chicago time. Mailed notice by judge's staff. (srb,) (Entered: 02/05/2008) |
| 02/12/2008 | 29 | MINUTE entry before Judge Sidney I. Schenkier : For the reasons set forth below, the Court grants the application of the United States Equal Employment Opportunity Commission ("EEOC"} for enforcement of amended subpoena CH−07−227 (doc. #1). However, the Court narrows the subpoena to require production by Dolgencorp, Inc. of information, for each month during the period from 01/01/04 through 04/01/07, sufficient to identify within Division 5 of Dolgencorp, Inc: (1) by race and job title, the number of employees who received contingent offers of employment, and (2) by race and job title, the number of employees whose contingent offers of employment were revoked due to criminal background checks. Dolgencorp shall produce that information to the EEOC by 03/13/08. The EEOC's request for an award of costs (but not attorneys' fees) incurred in bringing this action is granted. All matters subject to the referral having been concluded, the referral is hereby terminated. Mailed notices (gcy, ) (Entered: 02/14/2008) |
| 02/12/2008 | | (Court only) ***Set/Clear Flags (gcy, ) (Entered: 02/14/2008) |
| 02/15/2008 | 30 | ATTORNEY Appearance for Respondent Dolgencorp by Thomas L. Henderson (Henderson, Thomas) (Entered: 02/15/2008) |
| 02/15/2008 | 31 | Notice of Designation of Local Counsel by Dolgencorp (Henderson, Thomas) (Entered: 02/15/2008) |
| 02/26/2008 | | All matters relating to the referral of this matter having been resolved, the referral is hereby terminated. (mmm, ) (Entered: 02/26/2008) |
| 02/27/2008 | 32 | OBJECTION by Respondent Dolgencorp to Magistrate's Recommended Grant of EEOC's Application for Enforcement of Subpoena (Henderson, Thomas) Modified on 4/17/2008 (gcy, ). (Entered: 02/27/2008) |
| 02/27/2008 | 33 | MEMORANDUM motion for miscellaneous relief 32 by Dolgencorp *Memo in Support of Objections to Magistrate's Recommendations* (Attachments: # 1 Exhibit Unpublished Decisions)(Henderson, Thomas) (Entered: 02/27/2008) |
| 02/27/2008 | 34 | NOTICE of Motion by Thomas L. Henderson for presentment of motion for miscellaneous relief 32 before Honorable George M. Marovich on 3/11/2008 at 10:30 AM. (Attachments: # 1 Exhibit)(Henderson, Thomas) (Entered: 02/27/2008) |
| 02/27/2008 | 35 | MOTION by Respondent Dolgencorp for leave to file excess pages *Instanter* (Henderson, Thomas) (Entered: 02/27/2008) |
| 02/27/2008 | 36 | NOTICE of Motion by Thomas L. Henderson for presentment of motion for leave to file excess pages 35 before Honorable George M. Marovich on 3/11/2008 at 10:30 AM. (Attachments: # 1 Exhibit)(Henderson, Thomas) (Entered: 02/27/2008) |
| 02/27/2008 | 37 | MOTION by Respondent Dolgencorp to stay regarding text entry,,,, 29 (Henderson, Thomas) (Entered: 02/27/2008) |
| 02/27/2008 | 38 | MEMORANDUM by Dolgencorp in support of motion to stay, motion for relief 37 (Attachments: # 1)(Henderson, Thomas) (Entered: 02/27/2008) |
| 02/27/2008 | 39 | NOTICE of Motion by Thomas L. Henderson for presentment of motion to stay, motion for relief 37 before Honorable George M. Marovich on 3/11/2008 at 10:30 AM. (Attachments: # 1)(Henderson, Thomas) (Entered: 02/27/2008) |
| 02/27/2008 | 40 | *Corrected* NOTICE of Motion by Thomas L. Henderson for presentment of motion for miscellaneous relief 32 before Honorable George M. Marovich on 4/1/2008 at 10:30 AM. (Attachments: # 1)(Henderson, Thomas) (Entered: |

| | | |
|---|---|---|
| | | 02/27/2008) |
| 03/10/2008 | 41 | MINUTE entry before Judge George M. Marovich :Respondent's motion for leave to file oversized brief 35 and motion to stay 37 noticed for 3/11/2008 are reset to 3/18/2008 at 10:30 AM.Mailed notice (clw, ) (Entered: 03/10/2008) |
| 03/13/2008 | 42 | MINUTE entry before Judge George M. Marovich :Motion hearing set for 3/18/2008 and 4/1/2008 are stricken. Respondent's unopposed motion for leave to file oversized brief instanter 35 is granted. Respondent's motion to stay 37 is granted. Applicant EEOC's response to respondent Dolgencorp's objections to the Magistrate Judge's order is due by 3/27/2008.Mailed notice (clw, ) (Entered: 03/13/2008) |
| 03/17/2008 | 43 | APPLICATION for Leave to Appear Pro Hac Vice on behalf of Dolgencorp by Kristy L. Gunn; Order entered granting leave by Judge Honorable George M. Marovich. Filing fee $ 50 paid, receipt number 1117046. (gcy, ) (Entered: 03/20/2008) |
| 03/27/2008 | 44 | RESPONSE by Petitioner U.S. Equal Employment Opportunity Commission *Response to Respondent's Objections to Magistrate Judge's February 12, 2008 Order* (Smason, Diane) (Entered: 03/27/2008) |
| 04/15/2008 | 45 | MINUTE entry before Judge Honorable George M. Marovich: Enter Memorandum Opinion and Order. The Court adopts the Magistrate's Report and Recommendation to the extent it is consistent with this opinion. The Court grants applicant EEOC's petition to enforce the June 25, 2007 amended subpoena 1 . Respondent is ordered to answer the subpoena (as limited to Division 5) on or before April 30, 2008. Mailed notices (gcy, ) (Entered: 04/16/2008) |
| 04/15/2008 | 46 | MEMORANDUM Opinion and Order Signed by Judge Honorable George M. Marovich on 4/15/2008:(gcy, ) (Entered: 04/16/2008) |
| 04/17/2008 | | (Court only) ***Motions terminated: MOTION by Petitioner U.S. Equal Employment Opportunity Commission for order to show cause 1 , MOTION by Respondent DolgencorpObjections to Magistrate's Recommended Grant of EEOC's Application for Enforcement of Subpoena 32 (gcy, ) (Entered: 04/17/2008) |
| 04/25/2008 | 47 | MOTION by Respondent Dolgencorp to stay regarding memorandum opinion and order 46 *EMERGENCY MOTION* (Henderson, Thomas) (Entered: 04/25/2008) |
| 04/25/2008 | 48 | MEMORANDUM by Dolgencorp in support of motion to stay, motion for relief 47 *EMERGENCY* (Henderson, Thomas) (Entered: 04/25/2008) |
| 04/28/2008 | 49 | MINUTE entry before Judge Honorable George M. Marovich:Applicant EEOC's response to respondent's emergency motion to stay 47 is due by 5/2/2008; hearing on said motion is set for 5/6/2008 at 10:30 AM. Stayed until 5/6/2008.Mailed notice (clw, ) (Entered: 04/28/2008) |
| 04/30/2008 | 50 | RESPONSE by Petitioner U.S. Equal Employment Opportunity Commission to motion to stay, motion for relief 47 (Szromba, Jeanne) (Entered: 04/30/2008) |
| 05/06/2008 | 51 | MINUTE entry before Judge Honorable George M. Marovich:Motion hearing held. Respondent's emergency motion to stay pending appeal 47 is denied. Respondent is ordered to answer the subpoena (as limited to Division 5) on or before 5/9/2008. Mailed notice (clw, ) (Entered: 05/06/2008) |
| 05/06/2008 | 52 | NOTICE of appeal by Dolgencorp regarding orders 46 , 45 Filing fee $ 455, receipt number 07520000000002754477. (Henderson, Thomas) (Entered: 05/06/2008) |
| 05/06/2008 | 53 | DOCKETING Statement by Dolgencorp regarding notice of appeal 52 (Henderson, Thomas) (Entered: 05/06/2008) |